No. 2204

Second Circuit

LEAR v. JOHN

(April 8, 1927. Opinion and Decree.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Sales—Par. 259, 260.**

It is the duty of the vendor of real property by deed stipulating full warranty to protect his vendee against any and all incumbrances existing and operating against the property at the time of sale.

2. **Louisiana Digest—Taxation—Par. 165, 169.**

The filing of the tax roll by the recorder of mortgages appears as a lien and mortgage against the real property assessed for the amount of the taxes due for the current year after December 31, under Sections 32 and 33 of Act 170 of 1898.

3. **Louisiana Digest—Sales—Par. 259.**

Where an owner of real estate transfers the same under full warranty of title and subsequently acquires the same property at tax sale for taxes due thereon at the time he transferred the same, whatever title he acquires under the tax sale inures to the benefit of his vendee.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. T. F. Bell, Judge.

Action by Henry C. Lear, et al., against Karem John.

There was judgment for plaintiffs and defendant appealed.

Judgment affirmed.

Cecil Morgan, of Shreveport, attorney for plaintiffs, appellees.

George Thurber, of Shreveport, attorney for defendant, appellant.

ODOM, J.    Plaintiffs brought this suit alleging that they are the owners and in actual physical possession of the southeast quarter of the southeast quarter of Section 20, Township 18 North, Range 14 West, in Caddo parish, Louisiana, and that the defendant, Karem John, is slandering their title by claiming to be the owner of an undivided one-half interest therein by virtue of a certain tax deed made to him by the tax collector of Caddo parish.

They allege further that they acquired the said property on January 29, 1919, from the defendant, Karem John, and two others, Joe Maroun, and Salim Joseph, the joint owners thereof, under deed stipulating full warranty of title, and that at the time they purchased the said property the taxes due on the property for the year 1918 had not been paid, which taxes were a debt and a charge due by the vendors and should have been paid by them; that subsequently, to-wit, July 14, 1919, an undivided one-half interest in the said property was sold for the taxes of 1918 due by the vendors and purchased by the defendant, Karem John, one of their vendors and warrantors, and that the tax title thus acquired by the defendant inured to their benefit and conferred no valid title on the purchaser under the circumstances.

They prayed that there be judgment decreeing that said tax sale inured to their benefit and not to the benefit of the defendant and that said defendant be ordered to disclaim any title to said property, and for damages.

Defendant interposed the plea of three years' prescription, which was referred to the merits.

Reserving his rights under said plea, defendant answered, denying that plaintiffs are in possession of the land and setting up title in himself by virtue of said tax deed.

There was judgment for plaintiffs as prayed for and defendant appealed.

## OPINION

On January 29, 1919, Karem John, Joe Maroun and Salim Joseph, joint owners of the property in controversy, sold the same by notarial act under full and complete warranty of title to the plaintiffs herein.

The record shows conclusively that plaintiffs are in physical possession of the land and have been for a number of years.

At the time of the sale of the property to the plaintiffs by the defendant and his associates, on January 29, 1919, the taxes due thereon by the vendors for the year 1918 had not been paid. Subsequently it was put up and sold by the tax collector for said taxes and Karem John, the defendant, became the purchaser of an undivided half interest therein.

The tax deed recites that the property was sold for the unpaid taxes for the year 1918 due by Joe Maroun & Company. The record shows that the firm of Joe Maroun & Company, to which the property was assessed, was composed of Joe Maroun, Salim Joseph and the defendant, Karem John.

Karem John, the tax purchaser, therefore purchased the land, or a half interest therein, at a sale for taxes due at least in part by himself. The amount of taxes for the year 1918 was a debt due by the defendant and his associates and operated as a lien upon said land.

Section 32 and 33 of Act 170 of 1898.

So that at the time the defendant and his associates sold the property it was bur-

dened with a lien and incumbrance which it was their duty to discharge. In their sale to plaintiffs they specifically warranted the title. Under said warranty it was the duty of the vendors to protect the vendee against any and all incumbrances existing and operating against the property on the date of the sale. The defendant became the purchaser of the property at a sale made to satisfy a debt due by himself. The title which he thus acquired, under the common law and under our law, inured to the benefit of his vendees under the covenant of warranty.

In Wells vs. Blackman, 121 La. 394, 46 South. 437, the court (page 415) after citing authorities holding that:

"If A. sells property of which he is not the owner, and he afterwards acquires title, that title vests at once in the vendee."

Said:

"And equally is it true that if A. sells property of which he is the owner, and, it being sold in satisfaction of a debt due by him, he becomes the purchaser, either directly or through mesne conveyance, the title so acquired inures to the benefit of such vendee."

In that case the court quoted, approvingly, the following from American & English Encyclopedia of Law, 2nd edition, pages 403-405:

"It is a well-settled principle of the common law that, if one conveys real estate with a covenant of general warranty, he cannot be allowed to set up against his grantee, or those claiming under him, any title subsequently acquired, either by purchase or otherwise, and that such new title will inure, by way of estoppel, to the use and benefit of his grantee, his heirs and assigns."

The rule is briefly and concisely stated in 16 Cyc. 694 as follows:

"An ordinary deed of bargain and sale with covenant for quiet enjoyment gives the grantee the benefit of a title subsequently acquired by the grantor."

With reference to a title acquired by the grantor at tax sale, it is stated in 16 Cyc. 697:

"The grantor may acquire title through a sale for taxes which have accrued since the conveyance but not when the taxes were a lien at the time of the conveyance or the sale was the result of the grantor's delinquency."

Under the last quoted rule the defendant acquired no title at all under the tax sale for the taxes for which the property was sold were due and a lien thereon when he and his associates sold to plaintiffs.

But whether he acquired title or whether he did not makes no difference, insofar as the present situation is concerned. If he acquired no title, he has no standing in court and the claim which he sets up to the property is a slander upon plaintiffs' title. If he acquired any title at all under the tax sale, that title, under the common law as well as our own, inured to the benefit of the plaintiffs, and he loses on either horn.

The judgment of the District Court is correct and is therefore affirmed.