No.——

First Circuit

---

DAVID v. ROUBION

---

(June 12, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Judgment—Par. 227; Registry—Par. 12.**

An inscription of a judgment in the mortgage records made before the judgment is final and having the effect of interfering with a suspensive appeal will be ordered cancelled on a rule to show cause.

## ON MOTION TO DISMISS

**2. Louisiana Digest—Appeal—Par. 260, 261.**

Under Art. 573 of the Code of Practice an appeal by motion in open court may be taken during the same term although not the same session of court.

## MERITS

**3. Louisiana Digest—Estoppel—Par. 30, 43.**

One is equitably estopped from refusing to pay for the Ford which he retained and sold, and for which the consideration that he had given, was returned to him and accepted by him.

Appeal from the Parish of St. Tammany. Hon. Prentiss B. Carter, Judge.

Action by Louis David, Jr., against Hamilton J. Roubion.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

A. J. Finney, of Covington, attorney for plaintiff, appellee.

Miller and Heintz, of Covington, attorneys for defendant, appellant.

ELLIOTT, J. The rule to show cause herein why the inscription of the judgment rendered March 15, 1928, in the above entitled case, recorded on the 16th day of March, 1928, in Book No. 43, p. 624, of the Mortgage Records of the Parish of St. Tammany, on the ground that said inscription was and is an interference with the suspensive appeal, taken by the said Hamilton J. Roubion, came on to be heard, and the law being in favor thereof, the rule is now made absolute, and it is ordered that the Clerk of Court of the Parish of St. Tammany, cancel and erase the said inscription as prayed for by the said appellant.

## MOTION TO DISMISS

LECHE, J. Plaintiff moves to dismiss this appeal on the ground that the appeal was granted by motion and without citation, at a session of the Court, different from that during which the judgment was signed. The judgment was signed March 15, 1928, and the appeal was granted by motion in open court on March 21, 1928. Mover admits that the ten months term of the Court, begins on the 1st of October and ends on the 31st day of July. It thus appears that the motion for appeal was made during the same term, not session, of Court during which the judgment was rendered, and that is all that is required by law. C. P., Art. 573, Act 49, p. 151 of 1871. The motion to dismiss is therefore overruled.

## MERITS.

Hamilton J. Roubion bought from plaintiff on December 5, 1922, one Studebaker automobile, in payment of which he turned over to plaintiff one Ford sedan automobile, on which there was due to one L. Wehrli, Jr., two hundred ninety and 36/100 dollars secured by chattel mortgage on the Ford sedan, and for the balance of the purchase price, defendant gave plaintiff a series of notes aggregating altogether four hundred dollars. There is no evidence as to the agreed value of the Studebaker and of the Ford automobile at the time this sale and exchange took place. Neither one of the parties remembers the details of this admitted transaction. There is no evidence as to whether plaintiff assumed to pay the chattel mortgage resting on the Ford sedan, or whether that mortgage was to be paid by Roubion. But it does appear that on the day the exchange and sale was made, December 5, 1922, Roubion signed a note which he endorsed in blank and which was also endorsed by plaintiff,

for two hundred ninety and 36/100 dollars, which note was discounted by the Covington Bank and Trust Company and the proceeds thereof were used to pay the chattel mortgage on the Ford sedan in favor of Wehrli. This note was renewed twice and finally taken up and paid by plaintiff.

The present suit is upon a renewal note for the same amount dated April 5, 1923, and defendant disclaims owing the same for the reason that shortly after the sale and exchange of December 5, 1922, he returned to plaintiff the Studebaker automobile; that the return of the Studebaker had the effect of nullifying and avoiding the sale and exchange contract of December 5, 1922; that plaintiff nevertheless kept the Ford sedan and sold it to his brother; that having kept and retained the Ford sedan, it is only right and equitable that plaintiff should pay the chattel mortgage of $290.36 with which the sedan was effected when he received the same from Roubion.

Such in substance are the facts as we best can gather them from testimony which is remarkably vague as to the details of the transaction which took place on December 5, 1922. It may be argued that Roubion agreed to pay the chattel mortgage of $290.36, resting on the Ford, when he turned the Ford over to plaintiff, from the fact that he signed the note, the proceeds of which were used to extinguish that mortgage. But on the other hand, although the transaction of December 5, 1922, was set aside and avoided, when plaintiff accepted the return of the Studebaker automobile, plaintiff kept the Ford, and in the absence of any special agreement to the contrary, it does seem that he should pay the mortgage. Plaintiff is equitably estopped from refusing to pay for the Ford which he retained and sold, and for which the consideration that he had given, was returned to him and accepted by him. We think the plaintiff's claim should be rejected.

For these reasons the judgment appealed from is avoided and reversed and plaintiff's demand is refused at his costs.