**HERRING v. PRICE.**

No. 5282.

Court of Appeal of Louisiana. Second Circuit.

June 26, 1936.

C. B. Prothro and Robt. J. Newson, both of Shreveport, for appellant.

J. B. Crow, of Shreveport, for appellee.

DREW, Judge.

On October 5, 1935, appellee recovered judgment against appellant in the lower court, and on March 14, 1936, appellant, by motion in open court, asked for and was granted a devolutive appeal to this court, which he is now prosecuting.

Appellee has filed a motion here to dismiss the appeal for the following reasons:

"That, although said appeal was asked for some several months after the judgment became final in this cause in the District Court, there was neither petition for nor citation of appeal and that no citation of appeal has ever issued and no other legal notice thereof has been given either appellee or his counsel and there has been no waiver of citation."

In appellee's brief, he sets out the grounds upon which the motion is based, that is, he contends that the motion for appeal was made at a different term of court from that in which the judgment was rendered, and therefore a petition for appeal should have been filed and citation had on appellee. If it were true that the motion was made at a subsequent term of court, the motion to dismiss would be good. The rules of court for the First judicial district are not attached to the motion to dismiss and we doubt our authority to take judicial notice of the rules, in so far as they fix the term of court for the district. Without this authority, the motion would have to be overruled as there is nothing in the record to disclose when the term of court for the First judicial district begins or ends. If we had the authority to take judicial notice of the beginning and ending of the term of court,

350

we would find that it begins on September 15th and ends July 15th of each year. The motion to dismiss will have to be overruled, however, for the reason it is not shown that the motion for appeal was made at a subsequent term to the signing of the judgment. We are sure, however, that counsel for appellee has confused a session of the court with a term of the court. The term of the district courts of this state is ten months, although they hold different sessions during that term. If a judgment is rendered during the same ten-month term in which the appeal is taken, the appeal may be had by mere motion in open court, without the necessity of petition and citation. David v. Roubion, 8 La.App. 689; Code Prac. art. 573.

Appellee has also filed a second motion to dismiss, based upon the allegation that appellant had acquiesced in the judgment by executing it, and sets out many acts of appellant to show acquiescence. The record does not disclose the correctness of the allegations made in this motion. We must therefore follow the usual rule in such cases by remanding the case in order that the question of acquiescence vel non may be tried contradictorily between the parties.

It is therefore ordered that the case be remanded to the lower court with instructions to hear evidence on the question of acquiescence, and send up the record thereof, in accordance with the law.