Plaintiff alleged that on January 30, 1933, James R. Price conveyed to him by deed Lot No. 3 of Section 3 and Lot No. 5 of Section 4, Township 20, Range 16 West, Caddo Parish, Louisiana; that the consideration for said property was $400 cash in hand paid and three notes, one for $100, due November 10, 1933, and the other two notes, for $250 each, due on November 10, 1934 and November 10, 1935, respectively. That on January 30, 1933, he paid defendant the $400 and on October 31, 1933, he paid to him $50 and soon thereafter made another payment of $140, making a *West Page 18 
total of $590, which he has paid on the purchase price of said property.
Plaintiff further alleged that after he had made the above stated payments, he learned that defendant had allowed the property to be forfeited to the State for unpaid taxes for 1932; that he called upon the defendant to redeem the property but he refused to do so and instead brought a foreclosure suit against him on the remaining notes which were then due. Plaintiff also alleged that he would not have bought the property had he known that defendant had permitted it or would permit it to be forfeited to the State for unpaid taxes; and that since the property was forfeited to the State for taxes due by defendant, he, plaintiff, is entitled to the return of the money he paid on the purchase price.
Plaintiff further alleged that from an examination of the record he had learned that the Gulf Refining Company of Louisiana has title to or is claiming title to a portion of the property deeded to him by the defendant and that he would not have purchased said property had he known of this outstanding title.
In the alternative, plaintiff avers that he is entitled to have defendant procure and make to him a good and valid title to all the afore-described property free from any outstanding titles, claims, privileges, mortgages or other encumbrances, and that he stands ready and willing to pay the balance due on the purchase price upon defendant doing so.
Plaintiff prayed for judgment against the defendant in the sum of $590, with legal interest from judicial demand until paid and for $300 additional as attorney's fees and expenses incurred by him; and that the outstanding notes given by him to defendant as part of the purchase price be ordered cancelled and returned to him. Plaintiff further prayed, in the alternative, that defendant be ordered to make a good and valid title to him of the above described property free from all outstanding titles, claims, liens, privileges and other encumbrances.
This suit was filed on January 17, 1935.
Defendant filed an exception of no cause of action to plaintiff's petition and also filed a motion for a bill of particulars. Both were properly overruled by the lower court and are not now seriously urged here.
Defendant answered admitting that he sold and executed a deed to plaintiff for the above described property for the consideration set out in plaintiff's petition. He admitted that plaintiff had paid part of the purchase price. He denied all the material allegations of plaintiff's petition and further alleged that during the entire time that plaintiff held title to the property he never paid any taxes thereon and that the only reason defendant did not pay the 1932 taxes on the property prior to making deed to plaintiff was because the Tax Rolls for the year 1932 were not open and it was impossible to pay them; that later and before the time the property was sold at sheriff's sale under foreclosure proceedings instituted by him, he redeemed the property from the State but specifically denied that plaintiff ever made any demands upon him to redeem the property or to do any other thing in regard to the property. Defendant alleged that he acquired the property by patent from the United States Government.
Defendant further alleged that, outside of the initial payment of $400, plaintiff has never willingly complied with his contract and that the additional payments alleged to have been made by plaintiff were made after the foreclosure proceedings had been instituted and that the last time he was compelled to resort to foreclosure proceedings in an effort to collect what was due, plaintiff made no defense and allowed the property to be sold and did not appear at said sale; and prayed for plaintiff's demands to be rejected at his costs.
On these issues the case was tried and on the 5th day of October, 1935, the lower court rendered judgment for plaintiff requiring him to pay the balance of the purchase price to defendant upon defendant conveying to him the above described property, free of all liens, encumbrances or other claims and, upon defendant's failure to do so within 30 days from date of judgment, that there be judgment for plaintiff against defendant condemning defendant to pay to plaintiff the amount paid on the original purchase price, $590, with legal interest from judicial demand until paid.
The judgment of the lower court was not complied with within 30 days and plaintiff issued execution, seized and advertised for sale to satisfy said judgment the same property involved here which had been bought by defendant in his foreclosure proceedings *West Page 19 
against the plaintiff. Defendant then issued a rule to show cause why a preliminary injunction should not issue to stop the sale, alleging the property was worth less than $2,000 and was his homestead and therefore exempted by law from seizure and sale to satisfy said judgment. The rule was tried, judgment rendered and signed on January 9, 1936, recalling and dismissing the rule and denying application for a preliminary injunction.
On March 4, 1936, defendant prayed for and was granted a devolutive appeal from the judgment rendered on October 5, 1935, on the main demand. No appeal was prayed for or granted from the judgment on the rule for a preliminary injunction.
The appeal was lodged in this court on April 13, 1936. Plaintiff and appellee filed several motions to dismiss the appeal and on June 26, 1936, this court remanded the case to the lower court to have evidence adduced on the question of acquiescence in the judgment by defendant, as alleged in the motion to dismiss by plaintiff (see 169 So. 349). The case lay dormant in the lower court for several years and finally the testimony on the question of acquiescence was heard and the case was again lodged in this court on March 7, 1941.
Plaintiff relies in his motion to dismiss the appeal on the ground of acquiescence in the judgment by defendant upon the sheriff's return in the first sale under the writ of execution. The return shows that the last and highest bidder was defendant and that the property was adjudicated to him. However, the record discloses that defendant was not present at this sale or at any other sale or attempted sale of the property by the sheriff and that the bid was made by his son who was acting without authority from his father and without his knowledge. Defendant did not comply with the bid and the property was again advertised and sold and bought by a third party to this suit. The first time it was advertised for sale, defendant's son acted as an appraiser. The appraisement was so high there were no bidders. The action of the son as an appraiser was not with his father's consent or knowledge. It is clear to us that defendant did not acquiesce in the judgment of the lower court.
Plaintiff contends, however, that all the testimony to contradict or vary the sheriff's return was admitted over his objection and was inadmissible for the reason there were no pleadings by defendant alleging fraud, error or false return, and without such allegations the return could not be contradicted.
The plaintiff in this suit was the plaintiff in the motion to dismiss the appeal. No answer is required to such a motion and when plaintiff offered in evidence the sheriff's return to establish the fact alleged in his motion, defendant in motion had the right in law to attack or contradict such return on the ground of error or fraud in defense to the motion. The testimony was, therefore, admissible.
The motion to dismiss the appeal is overruled.
Plaintiff and appellee has suggested to this court that if we should overrule the motion to dismiss the appeal, the case should then be set down for argument on its merits. We can see no good reason for longer delaying a final termination of this case. It has been argued twice before us on its merits and we are sure a third time would not enlighten us any more than we have already been.
There is very little dispute if any over the facts in the case. Defendant acquired the land which he deeded to plaintiff from the United States Government. All minerals in and under it were reserved by the Government. On January 30, 1933, defendant by notarial deed transferred the land to plaintiff and no mention was made in the deed relative to the minerals. At that time the taxes for 1932 had not been paid, although the Tax Rolls had been filed with the sheriff and were open for taxes to be paid. However, it is evident that defendant did not know at that time that the Tax Rolls were open for payment of taxes. Plaintiff paid to defendant $400 at the time the deed was executed and signed three notes, one for $100, due November 10, 1933 and two other notes for $250 each, due November 10, 1934 and 1935, respectively. On October 21, 1933, plaintiff paid $50 to defendant on the $100 note and sometime later and after foreclosure proceedings had been instituted, plaintiff paid an additional $140. Plaintiff moved onto the property in March, 1933, and moved off of it on August 12, 1933.
Plaintiff testified that in the early part of 1934, he went to pay taxes and found that the property had been forfeited to the State for 1932 taxes. He made no demand of defendant to redeem the property but immediately *West Page 20 
went to see his lawyer and turned the case over to him. He also testified that defendant told him at the time of the transfer that all taxes were paid up to date. Defendant testified that he told the plaintiff he could not pay the taxes because the Tax Rolls were not open and that in lieu of paying the taxes, which amounted to about $10, gave plaintiff ten rolls of paper roofing. Plaintiff testified the ten rolls of roofing were in the trade for the place and a part of it and had nothing to do with the taxes.
After plaintiff had moved off the place and failed to meet the note due November 10, 1934, defendant foreclosed by executory process. During the time the property was being advertised for sale he learned that the title was in the State, due to failure to pay taxes for 1932. He immediately redeemed the property under foreclosure from the State before the sale date and had the sale by the sheriff completed.
There is no evidence in the record to show that the Gulf Refining Company of Louisiana holds any outstanding title to any part of the land, as alleged by plaintiff, and does not claim to hold any.
The facts narrow the case down to the question of whether or not defendant's failure to pay the 1932 taxes, thereby allowing the property to be forfeited to the State, is a sufficient ground for setting aside the sale and whether or not the failure to mention in the deed from defendant to plaintiff that the minerals had been reserved by the United States Government, amounted to a warranty that the minerals were transferred to plaintiff, when they were not, therefore, being a ground for rescinding the sale.
In regard to the last question, a serious doubt enters as to whether the pleadings are sufficient to sustain it. There is no reference made to the minerals in the pleadings and no oral testimony as to their value or potential value and, to our mind, it is very clear that the question regarding the minerals, or the failure to acquire the minerals, was never considered by the plaintiff before he filed suit to rescind the sale. It was only during the trial or, we might better add, after the trial that the mineral question was thought of.
Plaintiff undoubtedly bought this property for a home. This is evidenced by the fact that he moved onto it soon after he acquired it and the fact that he moved off of it about five months later, before any foreclosure or before it was adjudicated to the State is sufficient evidence that the property did not suit him. The last payment he made was after the foreclosure proceedings had been instituted. When he learned in the early part of 1934 that the property had gone to the State for unpaid taxes of 1932, he made no effort to redeem it, which he could have done and deducted the amount from the next note when it became due. Neither did he inform defendant and demand that he redeem it. Plaintiff immediately visited his lawyer to find out if he could not rescind the sale and get his money back that he had paid on the purchase price. The fact that he did not have title to the minerals in and under the property did not concern him. The record is barren of any testimony to show that he did not know that the minerals were reserved by the United States Government or that he placed any value on them.
The warranty deed from defendant to the plaintiff, without any reservation or exception as to the minerals on its face, conveyed the minerals to plaintiff. Since defendant did not own the minerals, he could not convey them. If these facts under some circumstances would be sufficient ground to rescind the sale, under the pleadings and evidence in this case it certainly is not and the most plaintiff could claim on this account would be a reduction of price.
When defendant executed the deed to plaintiff, the taxes for the year 1932 were due and operated as a lien upon the land. The right of the State to sell the land for the unpaid taxes did not arise until after plaintiff acquired the property. The land was adjudicated to the State for unpaid taxes in the fall of 1933. Plaintiff learned of this fact in the early part of 1934, within the period in which a redemption deed could have been secured from the State. The State did not in any way interfere with the possession and use of the land by plaintiff. The title in the State was imperfect until the resumption period had passed. No eviction of plaintiff had therefore taken place. It was only a threatened eviction and, under Article 2517 of the Revised Civil Code, plaintiff, when he learned of this fact, was obliged to notify defendant, his vendor, and request him to redeem the property in order to preserve his right of warranty. He failed to do this. That defendant would have redeemed the property if he had been notified by plaintiff is evidenced by the *West Page 21 
fact that he did redeem it before the sale under foreclosure proceedings, which was as soon as he learned that the State had taken the land for non-payment of the 1932 taxes. This redemption of the land by defendant inured to the benefit of plaintiff and perfected his title thereby. Lear v. John, 6 La.App. 197.
Plaintiff was never evicted from the property and was only threatened with eviction and the threat was thwarted when defendant redeemed the property from the State for the benefit of plaintiff. Plaintiff is therefore without right in law to have the sale rescinded and the purchase price returned to him.
The judgment of the lower court is erroneous and is now reversed and plaintiff's demands are rejected at his costs in both courts.