EARL EDWARDS, Judge ad hoc.
This case presents a question of law to the Court. The facts are substantially as follows:
A Judgment was signed in the Civil District Court, of the Parish of Orleans, adjudicating two lots of land, Numbers 14 and 15 of Square 14, Industrial Canal Subdivision, Third District, City of New Orleans, to the Board of Commissioners of the Port of New Orleans, for the price and sum of FOUR HUNDRED AND NO/100 ($400.00) DOLLARS. Presumably, this judgment, rendered May 12, 1958, was in the nature of an expropriation decree, and the funds were deposited with the Clerk of the said Court.
In the District Court, below, August C. Prechter filed a petition and rule, alleging he was entitled to the funds as owner of the above lands at the time of adjudication. He impleaded the Clerk of Court, Thomas S. Buckley; the Board of Commissioners of the Port of New Orleans; George Montgomery, the State Tax Collector; Robert E. Develle, Director of Finances of the City of New Orleans; the City of New Orleans; the State of Louisiana; Mr. & Mrs. Albert Lucas; and Zor, Inc. Most of those named as defendants, are nominal parties only, and the controversy is finally resolved as *22 one between the petitioner, August C. Prech-ter on the one hand, and Zor, Inc., on the other. Both claim title to the above land and both assert ownership to the funds in the custody of the Clerk of Court. The Court below awarded judgment in favor of August C. Prechter, adjudging him to be the owner of the funds, and reserving to Zor, Inc., its rights to recover against plaintiff the taxes it had paid upon the property, and to recover against the City of New Orleans the amount paid to it by plaintiff, for the redemption of the property. From this judgment Zor, Inc. has appealed. The other parties cast, did not appeal.
In order to determine the ownership of the funds, this Court must consider the titles of Zor, Inc., and August C. Prechter. To do this, it need not go back beyond 1923, when this land, then owned by Albert Lucas, the common ancestor in title, was adjudicated to August C. Prechter for non-payment of 1922 State Taxes, assessed against said property in the name of Albert Lucas. Notwithstanding this sale, the property apparently continued to be assessed in the name of Albert Lucas, and on February 14, 1933, for non-payment of 1931 taxes, the property was adjudicated to the State in the name of Albert Lucas. On February 10, 1958, the State granted a redemption of the property in the name of Albert Lucas, upon the application of August C. Prechter. This is the basic chain of title into Prechter.
The claim or chain of title into Zor, Inc., is based upon a tax adjudication by the City of New Orleans to Zor, Inc., on October 18, 1957, under an assessment in the name of Elbert and/or Albert Lucas, for 1952, 1953 and 1954 unpaid taxes. In January of 1958, August C. Prechter applied to Zor, Inc., to redeem the property. This was denied, and on January 28, 1958, he applied directly to the City Tax Collector for a redemption of this tax adjudication to Zor, Inc., and upon payment by him of the taxes, penalty and interest, a redemption deed was executed by the City. Zor, Inc., refused to accept the money paid for the redemption, and it maintains that its tax title is good and valid; that Prechter had no right to redeem from the State and had no right to redeem from the City; it is claimed that he had forfeited all his rights inasmuch as he did not redeem before the tax adjudication to Zor, Inc.
LSA-Revised Statutes, 47:2224, among other things, provides as follows:
“If the owner or any person interested personally or as heir, legatee, creditor or otherwise, in any lots or lands bid in for and adjudicated to the state, as long as the title thereto is in the state or in any of its political subdivisions, or if not heretofore contracted to be sold by such subdivisions, shall pay to the treasurer of the state, the taxes, interest and costs and five per centum (5%) penalty thereon, with interest at the rate of one per centum (1%) per month until redeemed, * * *■ provided, however, that no such certificate of redemption shall be so issued to the person redeeming until and unless all state, parochial, district, and municipal taxes due on the property up to the date of redemption shall have first been paid.” (Italics ours)
This law has been repeatedly interpreted' by the Courts to mean that as long as the-property adjudicated for taxes remains in. the State or in the municipality to whichi adjudicated, it can be redeemed by any party at interest as defined in the statute.
Zor, Inc., contends that in this case, the-city of New Orleans, a political subdivision of the State, in fact sold the property in question, to it, before it was redeemed from-the State by Prechter; therefore, the State-could no longer grant a redemption. That is the way it interprets the underlined words, of the Statute above.
This Court understands the Statute to mean, and so holds, that as long as the tax title remains in the taxing authority to-whom the land was adjudicated, and it has. not been sold or alienated by that taxing, authority, the land can be redeemed by a. *23 party at interest as defined in the Statute. This construction was given by the Louisiana Supreme Court, in State ex rel. Hodge v. Grace, 191 La. 15, 184 So. 527. We quote:
“It is clearly apparent that when the act refers to title being in the state or any of its political subdivisions, it simply means the state or the political subdivision to which lands have been adjudicated for non-payment of taxes.”
This decision construed Act 161 of 1934, but the language in that act was similar to that quoted in the Statute above.
In this case, there was a tax adjudication to the State, in the name of Albert Lucas, for 1931 taxes. August C. Prechter had prior title from Albert Lucas. He, Prech-ter, was interested as owner of the land when he applied for a redemption from the State in 1958. The State, at that time, still had title; it had not sold or alienated this title. Prechter had a legal right to redeem.
The same can be said of the tax adjudication by the City of New Orleans to Zor, Inc.; this took place on October 18, 1957. The tax deed to Zor, Inc., specifically states that the owner can redeem the property at any time within three years of the recording date of the tax deed to Zor, Inc. We quote from said tax deed:
“Said property being redeemable at any time for space of three years, as provided in Article 10, Section 11, Constitution of Louisiana, and R.S. 47 :- 2181, to begin on the day the act is filed, by paying the taxes or price plus five (5%) per cent penalty and one (1%) Per cent per month interest. * * * ”
Here, redemption from the City tax sale was applied for in January of 1958, within one year of the tax deed to Zor, Inc.; the tax collector executed the act of redemption after Zor, Inc., refused to execute same.
We believe that this redemption from the City was legal and Zor, Inc., under the law, is entitled to get only the taxes, interest, and penalties on the amount or amounts paid by it upon the property in question.
 This Court recognizes the right of the City of New Orleans to levy upon or tax the property in question, for the taxes due it, notwithstanding the prior tax adjudication to the State of Louisiana. Garnet’s Estate v. Lindner, 159 La. 658, 106 So. 22. The City of New Orleans taxed this property; it was sold to Zor, Inc.; this title was recognized by, the plaintiff, who redeemed from the city, under the very taxing laws under which the City had proceeded. This perfected Prechter’s title.
It is our conclusion that the judgment of the District Court below was correct', and we accordingly affirm same, the appellant, Zor, Inc., to pay all costs of this appeal.
Affirmed.