612 So.2d 739 (1992)
Brenda SCOGIN
v.
Johnny SMITH and Janice Seal Smith.
No. 91 CA 2001.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
Rehearing Denied January 28, 1993.
*740 Brenda Scogin, pro se.
Garic K. Barranger, Covington, for defendants-appellees.
Before CARTER and LEBLANC, JJ., and CHIASSON, J. Pro Tem.[1]
CARTER, Judge.
This is an appeal from a judgment denying plaintiff's confirmation of a default judgment.

FACTS
On April 4, 1986, Johnny Smith and Janice Seal Smith (defendants) conveyed a condominium to Brenda Scogin (plaintiff) in an Act of Sale and Assumption, expressly warranting that the property was free of liens and taxes. However, the 1985 taxes had not been paid by defendants. The property was adjudicated to the State of Louisiana on May 30, 1986, due to the unpaid 1985 property taxes. Plaintiff was first notified of the adjudication in late September of 1990, by the mortgage holder, First Federal Savings Bank.
Approximately one month later, on October 25, 1990, plaintiff filed an action for breach of warranty and for rescission of the sale. Defendants were personally served on November 9, 1990, but failed to make a timely appearance. Plaintiff then caused a preliminary default to be entered against the defendants on November 27, 1990.
On December 5, 1990, defendants still had not appeared or answered, and plaintiff appeared before the trial judge to confirm the default. After hearing the testimony of plaintiff, the trial court took the matter under advisement and on December 6, 1990, denied the confirmation and dismissed plaintiff's suit at her costs. In written reasons, the judge stated the following:

*741 After a careful examination of the record, the Court finds as a matter of law that the plaintiff is not entitled to the relief sought. The Court notes that the plaintiff has an absolute right to redeem the property from the State by payment of the delinquent taxes and would then have a cause of action against the defendants to recover that amount. However, the Court finds as a matter of law that the delinquent taxes do not constitute a redhibitory defect in the property nor has the plaintiff been evicted from the property. Therefore, she is not entitled to avail herself of the remedies provided by the Civil Code for such actions.
On January 14, 1991, although no final judgment had been signed, the trial court granted plaintiff's motion for appeal. The appeal was subsequently dismissed by the Court of Appeal on July 19, 1991, under docket number 91 CA 0458, because the record did not contain a signed judgment. On July 31, 1991, the trial court, relying on its December 6, 1990, reasons for judgment, signed a final judgment denying plaintiff's request for relief and dismissing her claims at her cost. From this judgment, plaintiff appeals contending that the trial court erred in failing to confirm her default judgment.

BUYER'S REMEDIES
A seller is bound to two principal obligations, namely delivering and warranting the thing which he sells. LSA-C.C. Art. 2475. The seller warrants the buyer's peaceable possession of the thing sold or warrant against hidden defects of the thing sold or its redhibitory vices. LSA-C.C. Art. 2476. The trial court found that neither type of warranty had been breached in the instant case.
The trial court found that the delinquent taxes did not constitute a redhibitory defect. Redhibition is defined in LSA-C.C. Art. 2520 as:
[T]he avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.
"Vice" or "defect" as used in this article contemplates physical imperfection or deformity, a lacking of a necessary competent or level of quality. Williams v. Louisiana Machinery Company, Inc., 387 So.2d 8, 11 (La.App. 3rd Cir.1980). We cannot say that the trial court erred in finding that the delinquent taxes did not constitute a redhibitory defect.
The trial court also determined that plaintiff was not disturbed in her peaceable possession; she was not evicted. Accordingly, the trial court determined that plaintiff was not entitled to a rescission of the sale under LSA-C.C. Art. 2506.
LSA-C.C. Art. 2506 provides as follows:
When there is a promise of warranty, or when no stipulation was made on that subject, if the buyer be evicted, he has a right to claim against the seller:
1. The restitution of the price.
2. That of the fruits or revenues, when he is obliged to return them to the owner who evicts him.
3. All the costs occasioned, either by the suit in warranty on the part of the buyer, or by that brought by the original plaintiff.
4. The damages, when he has suffered any, besides the price that he has paid.
LSA-C.C. Art. 2500 defines "eviction" as "the loss suffered by the buyer of the totality of the thing sold, or of a part thereof, occasioned by the right or claims of a third person." We note that an eviction may occur even though there has been no actual dispossession. Melancon v. Lussen, 536 So.2d 606, 608 (La.App. 1st Cir. 1988).
In Herring v. Price, 4 So.2d 17 (La. App. 2nd Cir.1941), a purchaser under a warranty deed learned that land had been adjudicated to the state for unpaid taxes within the period in which a redemption deed could have been secured from the state. In Herring, as in this case, the state did not interfere with the possession and use of the property by the purchaser. The *742 court found that there was no "eviction" of the purchaser, but there was only a "threatened eviction." Title in the state was imperfect until the redemption period had passed.[2] The court stated that the purchaser was obliged to notify his vendor of the adjudication and request that the vendor redeem the land in order to preserve his right of warranty. LSA-C.C. Art. 2517. More recently, in Sweatman v. Theriot, 610 So.2d 933 (La.App. 1st Cir. 1992), the court determined that the presence of a judicial mortgage on warranted property served as a partial eviction. See also, Harville v. Campbell, 221 So.2d 273 (La.App. 2nd Cir.1969). Therefore, under the law as it currently exists, when property is adjudicated to the state for non-payment of taxes, partial eviction may result. However, when such partial eviction occurs, the sale should not be rescinded, but the buyer should be entitled to the losses suffered as a result of the claims of another. See LSA-C.C. Arts. 2500 and 2514.
In the instant case, the trial court found redemption was an available remedy to plaintiff. She could redeem the property from the state by paying the delinquent property taxes. She would then have a cause of action against the defendants to recover the amount paid. Plaintiff was aware that if she did not pay the delinquent taxes, the mortgage company would pay them and pass the cost on to her. Nonetheless, she chose not to pay the taxes and to proceed with the rescission suit. We acknowledge, however, that plaintiff is not required to exercise her right of redemption prior to exercising any other right she may have against her vendors.
Although plaintiff did not have a clear title to the property and was disturbed in the "peaceable possession of the thing sold," we find that the trial judge was correct in not permitting the sale to be rescinded. Even if plaintiff was threatened with eviction, the threat could have been thwarted by calling defendants in warranty and allowing them to redeem the property from the state for her benefit or by redeeming the property herself and then pursuing a claim against her vendors for the damages occasioned. Herring v. Price, 4 So.2d at 21.
The only evidence of record is the testimony of plaintiff, who testified that she notified defendants of the adjudication of the property to the state for nonpayment of taxes and that, as of the date of the confirmation of default hearing, defendants had not redeemed the property pursuant to their warranty obligation. However, plaintiff did not establish the damages caused by the adjudication, but only sought to rescind the sale, which the trial court properly refused to allow under the particular facts of this case.

DEFAULT JUDGMENT
LSA-C.C.P. Art. 1702 A provides in part that "[a] judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case." A prima facie case is established by evidence which proves the essential allegations of the petition as fully as if each allegation had been specifically denied. Dunaway v. Woods, 470 So.2d 574, 577 (La.App. 1st Cir.1985). When reviewing a default judgment, the Court of Appeal is restricted to determining whether the record contains sufficient evidence to prove a prima facie case. Dunaway v. Woods, 470 So.2d at 577. The default judgment was denied in the instant case, but the same rules are applicable in a plaintiff's appeal from the trial court's improper denial of a default judgment as are applicable in a defendant's appeal from an improperly confirmed default. Griffin v. Pecanland Mall Association, Ltd., 535 So.2d 770, 772 (La.App. 2nd Cir.1988).
We find the evidence insufficient to establish a prima facie case that plaintiff was entitled to a confirmation of her default *743 judgment against the defendants. Accordingly, the trial court did not err in denying the confirmation of the default judgment.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against plaintiff.
AFFIRMED.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] When property is adjudicated to the state for delinquent taxes, title passes to the state, subject to the right of redemption by a party in interest. LSA-R.S. 47:2224; Wood v. Board of Commissioners For Pontchartrain Levee District, 338 So.2d 744, 746 (La.App. 4th Cir.1976), writ denied, 341 So.2d 5 (La.1977); Board of Commissioners of Port of New Orleans v. P.M. Realty Company, 146 So.2d 21, 22-23 (La.App. 4th Cir. 1962).