| PICKETT, Judge.
The trial court rendered judgment in favor National Loan Investors, L.P., plaintiff, granting its petition to confirm and quiet tax title on certain property held by plaintiff. The judgment rendered the defendant’s, Coburn Company of Lafayette’s (hereinafter “Coburn”), materialman’s lien and subsequent judgment against the property ineffective. Coburn now appeals. For the following reasons, we affirm.
Background
In 1988, A.J. Roy, Jr. purchased the property in question at a tax sale for delinquent taxes owed on the property which were assessed to Curry Joseph Cooper, Jr. and his wife. Roy transferred his interest to Fleet Finance by quitclaim deed on 12Pecember 27, 1993. The transfer to Fleet was ratified by Roy’s wife in September 1997. The property was then subject to a tax adjudication from Fleet to the Parish of Avoyelles. Fleet received a redemption deed from the Parish of Avo-yelles on April 1, 1998. Fleet subsequently transferred the property to National Loan Investors by deed dated May 12, 1998.
National Loan Investors then filed a Petition to Quiet Tax Title. There were no responsive pleadings filed on behalf of any of the six parties served the Petition to Quiet Tax Title that may have an interest in the property, including Appellant/Defendant, Coburn. Coburn was personally served the Petition to Quiet Tax Title on June 18, 1998. After a confirmation .hearing, a default judgment was signed October 9,1998.
*779 Analysis
The threshold issue in this case is whether the defendant, Coburn Company of Lafayette (“Coburn”), has grounds to appeal the default judgment when it was properly served and filed no responsive pleadings.
Coburn lodges this appeal based on the argument that the tax sale itself was invalid because Coburn did not receive notice of the sale and was an easily identifiable judgment creditor with a recorded interest. However, Coburn did receive notice of the subsequent Petition to Quiet Tax Title and Default Judgment rendered regarding same.
A default judgment appellant must overcome the presumption that the judgment was rendered upon sufficient evidence and is correct. “[T]he appellate court is restricted to a determination of whether the record contains sufficient evidence to support a prima facie case.” Phillips v. Space Master Int’l, Inc., 96-877 p. 2 (La.App. 5 Cir. 5/14/97); 696 So.2d 64, 66.
1 ¡¡Defendant cannot substitute an appeal for an action in nullity. Defendant claims the tax sale was null and therefore the judgment at issue is null.
The party attacking the judgment as null must file a petition, with service and citation upon the adverse party. Nethken [v. Nethken 307 So.2d 563 (La.1975)], supra. The action for nullity need not be filed in a new proceeding with a different number, however — what is important is that it be in a pleading directed to the express purpose of annulling the judgment. Roach [v. Pearl, 95 1573 (La.App. 1 Cir. 5/10/96); 673 So.2d 691], supra. ...
Id. at 67.
Our review must be restricted to the validity of the default judgment based on the record. When reviewing a default judgment, the court of appeal is restricted to determining whether the record contains sufficient evidence to prove a prima facie case. La.Code Civ.P. art. 1702; Scogin v. Smith, 612 So.2d 739 (La.App. 1 Cir.1992). We believe the trial court’s default judgment was confirmed by proof and exhibits sufficient to establish a prima fa-cie case.
The trial court was made aware of the potential challenge by judgment creditors against the tax title in the chain of title on the property held by National Loan Investors. National Loan Investors noted at the confirmation hearing that Co-burn, or other creditors, may question the tax title. The trial court was on full notice that the tax title may be challenged. The presumption exists that the court rendered its decision mindful of those concerns. We find no manifest error to the contrary.
Tax sales are presumed valid and the party attacking the validity of the tax sale bears the burden of proving an alleged invalidity. Constance v. Sudwischer, 502 So.2d 609 (La.App. 3 Cir.), unit denied, 503 So.2d 1019 (La.1987). In this case, the parties were non-responsive and a default judgment was rendered. On appeal, Coburn attempts to attack the alleged invalidity as null due to lack of notice. As Ldiscussed above, such attack is inappropriate on appeal and more properly addressed in a nullity action.
We refrain from further discussion of the issues of notice and any arguments regarding the applicable peremptive period, as those issues are matters for the trial court to consider on a nullity action.
For the above reasons, the default judgment entered on behalf of National Loan Investors quieting tax title is affirmed. Costs are assessed to the Defendant-Appellant, Coburn Company of Lafayette.
AFFIRMED.
COOKS, J., DISSENTS AND ASSIGNS REASONS.