I «SOL GOTHARD, Judge.
The defendant, Myrtis L. Nims, appeals the judgment of the trial court denying its motion for summary judgment and granting the motion for summary judgment filed by plaintiff, John J. Grisaffí, Jr. For the reasons that follow, we affirm the decision of the trial court.
On December 8, 2000, plaintiff and defendant entered into an agreement to purchase real property. On March 21, 2001, the parties went to the act of sale. At that time, taxes were prorated based on an estimated amount. After the act of sale, plaintiff discovered that the taxes for the year 2000 had not been paid, and that the taxes for 2001 had been underestimated. Further, a tax sale was eminent. Plaintiff paid the taxes for 2000 of $7,301.07 and defendant’s pro rata share of $1,299.01, the difference between the correct prorated taxes for the 2001 tax year and the amount that had actually been prorated at the closing, and then filed suit to recover those amounts. Defendant tendered $1,299.01, representing the amount owed for 2001, but refused to pay the $7,301.07. Both parties filed cross motions for summary judgment.
13After a hearing, the trial court rendered judgment in favor of plaintiff for $7,301.07, plus legal interest from date of *716 demand and costs. After the denial of her motion for new trial, defendant filed this appeal.
The purchase agreement between the parties provides that:
The Act of Sale provides that:
PURCHASER expressly waives all warranties as to the property herein sold, whether implied by this or any other writing or representation, as well as all warranties provided by law. This waiver applies to all warranties of any nature, express or implied, including the warranty of fitness for a particular purpose, or of merchantability, or otherwise. PURCHASER understands that under Article 2520 through 2548 of the Louisiana Civil Code and other provisions of law this sale would ordinarily include a warranty, implied by law, against certain defects in the property sold. PURCHASER expressly waives any and all such warranties with respect to all defects, whether apparent or latent, visible or not, and regardless of whether purchaser is presently aware of such defects.
Defendant alleges that delinquent taxes are a redhibitory defect waived by the plaintiff/purchaser.
This identical issue was addressed in the case of Scogin v. Smith, 612 So.2d 739 (La.App. 1 Cir.1992). In that case, plaintiffs sought to rescind a sale of property because property taxes had not been paid. The court noted that the delinquent taxes were neither a redhibitory defect, nor a breach of the warranty of peaceable possession. We agree, and find that the defendant seller herein was not relieved of her obligation to pay the delinquent taxes by the plaintiffs waiver of warranty in this case.
Defendant next alleges that the language in the act of sale that only the 2001 taxes would be pro-rated eliminated the seller’s obligation to pay the 2000 taxes. The purchase agreement signed on December 8, 2000 states that “Real estate taxes, association fees, existing special assessments, and rent are to be prorated to date of Act of Sale.” The Act of Sale, dated March 15, 2001, states that “Taxes for the current year will be prorated.” Defendant’s argument is that this language l4constitutes a waiver of the purchaser’s right to reimbursement if the prior year’s property taxes had not been paid. We disagree.
The Act of Sale clearly states that “... Seller does by these presents sell, transfer, convey and deliver with full warranty of title and subrogation to all rights and actions of warranty Seller may have [.]” Thus, unlike the waiver of warranty for redhibitory defects, plaintiff in this case did not waive the right to have a clear title, unclouded by tax hens, delivered. Having paid the taxes in order to avoid a tax sale, plaintiff was entitled to reimbursement from the defendant/seller.
For the above-discussed reasons, the decision of the trial court is affirmed. All costs are assessed against appellants.

AFFIRMED.