| 10 | 487 |
| 45 | 483 |

## S. LITTLETON, Administrator, *v.* PRATT, BOONE & IVY.

Where a purchaser buys up an outstanding and better title to the property than that derived from his vendor, he may plead a reasonable price paid for it as an offset against the vendor's action for the purchase money.

Appellant can not dismiss an appeal on the ground that there were two petitions of appeal returnable at different times and two distinct citations of appeal at different dates and with different return days, where either citation is sufficient and, especially, where on one of them was an endorsement, by appellee's counsel, accepting service of the citation and taking cognizance of the appeal.

It is not necessary that the appeal bond be executed before or taken or approved by the Clerk; it is sufficient if the Clerk file the bond.

APPEAL from the District Court of Bienville, *Jones,* J.
*Paxton,* for plaintiff.

*Looney,* for defendants and appellants:

The vendees, the defendants, buying up a better title than that of the vendor, and the vendor being guilty of no fraud, he can only be compelled to refund to the vendee the amount of money he paid for the better title. Equity treats the purchaser as a trustee for the vendor, and acts done to perfect the title by the vendees in possession, inure to the benefit of the vendor. 5 An. Reps. 200; *Pepper* v. *Dunlap,* 12 Peters' Reps. 294; *Galloway* v. *Findlay,* Cook's Tenn. Reps. 211; *Leary* v. *Kirkpatrick, Mitchell* v. *Barry,* 4 Hayne, Tenn. Reps. 136; 3 Peters 48; 2 Marshall's Ky. Reps. 242; 5 Yerger's Tenn. Reps. 398.

And, this will operate to the benefit of the defendants, even though the said *Owen* had not so formally bound himself.

VOORHIES, J. We think the District Judge erred in not allowing the credit claimed by the defendants on the note sued upon.

It appears that on the 12th of July, 1851, *Lott G. Owens,* whose estate is represented by the plaintiff as administrator, sold to the defendant, by *sous-seing privé* act, a tract of land described as Lots No. 1 and No. 2, in fractional section No. 13, in township No. 17, of range No. 10, the title to which was derived from *Micah Miller,* as the immediate purchaser from the United States. On the 13th of August, 1847, *Micah Miller* sold the undivided half of Lot No. 1 to *John Slane,* by authentic act, which was duly recorded. Subsequently, on the 30th of November, 1850, *Micah Miller,* by act under private signature, sold to *Chas. Neal* all the land thus acquired by him from the United States, without making any reservation in relation to the portion of it which he had previously conveyed to *Slane.* To secure the payment of the sum of $450, the price, on terms of credit, a special mortgage on the property was stipulated, and said act was duly

proved and admitted to record. On the 12th of April, 1851, *Charles C. Neal*, sold the same land to *Lott G. Owens* and *Thomas J. Neal.* Afterwards, on the 21st July, 1851, *Owen* acquired the interest of *Thomas J. Neal.* In order to perfect their title to the undivided half of Lot No. 1, the defendants, on the 8th of August, 1851, purchased the same from *Isaac Miller*, who held under *John Slane*, the vendee of *Micah Miller*. The superiority of *Isaac Miller's* title to that of the defendants to this portion of the land conveyed to the latter is manifest. The purchase of it from *Isaac Miller* was, therefore, essential to cure the defect in the defendant's title. The note declared upon, bears the following endorsement: "I hereby agree that any valid claim that is against me which the payers of the within note may have to pay for the purpose of securing the title to the land sold them by me, shall stand as a credit on this note. August 8th, 1851, *Lott G. Owen*."

The sum of $750 is stated, in the sale from *Isaac Miller* to the defendants, to be the price paid in cash. The validity of *Isaac Miller's* title to the land in question does not appear to have been contested, nor was there any attempt on the part of the plaintiff to show that the price paid for it by the defendants was too high or unreasonable. The plaintiff's objection that nothing shows an actual payment of the price of it by the defendants, we do not consider entitled to any weight. It is, we think, in answer to the objection, sufficient to say, that the sale from *Isaac Miller* had the effect of removing the defect which existed in the plaintiff's title conveyed to the defendants, and as the price is acknowledged in the deed to have been paid, it is clear that the interest of the plaintiff can never be affected thereby. The principle recognized in the case of *Pepper* v. *Dunlap*, 5 An. 200, may be considered as decisive of this case.

We think the District Judge also erred in rejecting the defendant's prayer to compel the plaintiff to give security in accordance with the provisions of Art. 2535 of the Civil Code. The mortgage stipulated in favor of *Micah Miller*, in the conveyance from him to *Charles C. Neal*, to secure the payment of $450, the price of the property in question, appears to be still subsistent, and we think the defendants have just reasons to fear that they may be disquieted in their possession in consequence of it.

The appellee relies on several grounds for the dismissal of the appeal.

1st. Because appellants have filed two district petitions for appeal, returnable at different times, and obtained, and had served two district citations of appeal at different dates and with different return days. It is a sufficient answer to the objection to say, that there is but one transcript, and that either citation is sufficient, particularly the citation on which the following endorsement appears to have been made by the appellee's counsel: "I hereby accept service and take cognizance of the appeal, January 7th, 1853." It is not pretended that the transcript was not seasonably filed under this citation.

2d. Because he has not given bond according to law, the instrument appearing in the record does not appear to have been executed before or taken or approved by the Clerk. The bond appears to have been filed by the Clerk on the 3d of January, 1853 We consider this a sufficient compliance with the requirements of the law.

3d. The objection that the bond is not conditioned according to law, and does not bind the surety literally or substantially to be liable in the place of the principals, appears to us to be equally untenable. The obligation contracted by the principal, is to discharge or to satisfy such judgment as may be rendered

against him. It is, on his failure to do so, that the obligation of the surety

LITTLETON
*v.*
PRATT.

arises, in other words, that the bond becomes obligatory on him.

It is therefore ordered and decreed that the judgment of the District Court be avoided and reversed; and, it is ordered and decreed that the plaintiff recover of the defendants the sum of two hundred and fifty dollars, balance due, after allowing the credit of seven hundred and fifty dollars, with eight per cent. per annum interest on said balance from the 1st of March, 1852, until paid; it is further ordered that the execution of this judgment be suspended, until bond and security be given in the sum of six hundred dollars by the plaintiff, conditioned as the law requires, and approved by the District Judge; and the costs of this appeal to be paid by the plaintiff and appellee, and those of the District Court by the appellants.