VETERS v. WALSH

(November 18, 1929. Opinion and Decree.)
(December 16, 1929. Rehearing Refused.)

324

Anna Judge Veters, of New Orleans, attorney for plaintiff, appellant.

H. M. Ansley, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. This is a suit by a real estate agent and broker to recover a commission alleged to have been earned under a written contract with defendant. Defendant denied liability. On the trial on the merits the district judge dismissed plaintiff's suit, and plaintiff has appealed.

The petition alleges that on July 6, 1927, plaintiff and defendant entered into a written agreement whereby plaintiff undertook to sell a certain piece of real estate owned by defendant in the city of New Orleans; that by the provisions of the contract, plaintiff was given the exclusive right to sell the property for $9,000 cash, or for any other price, or terms hereafter agreed upon, within a period of 90 days; that in consideration of plaintiff's services, she was to receive "a commission at the rate of 4%, as fixed by the New Orleans Real Estate Agents' Association, on the gross amount of any agreement to sell or exchange bearing on the said property made during the existence of this contract * * *"; that as a result of the efforts of plaintiff in listing the property with the Multiple Listing System of the New Orleans Real Estate Agents' Association, placing "for sale" signs on the property, advertising it through the newspapers, and quoting prices to prospective purchasers, plaintiff submitted a written offer of $8,000 by a prospective purchaser to defendant on August 30, 1927, and on August 31, 1927, defendant accepted the offer; that the acceptance of the offer was as follows:

"I authorize the acceptance of the above offer and agree to pay you 4% commission on purchase price ($320.00)."

That the prospective purchaser was ready, willing, and able to purchase, the said property in accordance with the agreement; and that the defendant refused to carry out the said contract. The petition prays for judgment for $320, together with 25 per cent additional as attorney's fees for collection, as also provided in the contract.

Defendant admits all allegations of the petition as therein set forth, but denies liability on the ground that the offer which was accepted by defendant contained a provision "subject to entire house being within the limit of the property lines and no community rights granted"; that this provision of the contract could not be met or complied with, because the house encroached upon the adjoining property, and therefore defendant was precluded from carrying out the contract; that the contract of August 31, 1927, superseded the contract of July 6, 1927, and as the second contract could not be carried out, plaintiff had no right to claim the commission from defendant.

The evidence shows that the defendant voluntarily released the deposit of $800 which was made by the prospective purchaser, and also shows that, before the prospective purchaser submitted the offer, he had plaintiff inquire of defendant if the house was within the property lines of the lot on which it was situated and that defendant replied that the house was within the property lines. There is nothing in the record to indicate that it would have been impossible to correct the encroachments so that defendant could have satisfied this provision of the contract; but even if impossible, plaintiff's rights could not be affected, because the fault lay with defendant in not being able to deliver a good title, and not with the offer of the prospective purchaser. Matthews Bros. v. Bernius, No. 11887 of the docket of this court, decided July 1, 1929, 123 So.

389. The fact that it would have been expensive for defendant to eliminate the encroachments would not release her from the contract, if the prospective purchaser had seen fit to hold her to specific performance of it. The purchaser had the right to insist upon the specific performance, as the deposit was not to be considered earnest money under the provisions of the contract. Even if this provision, as to the house being within the property lines, had not been expressly stipulated, the law would have implied it, so that its presence in the contract makes no difference in deciding the issues presented, Schill v. Churchill et al., No. 10995 of the docket of this court, 11 La. App. 181, 123 So. 139.

The contention that the contract of August 31, 1927, superseded the contract of July 6, 1927, is not well founded. The contract of July 6, 1927, is a standard, exclusive agency contract under the Multiple Listing System of the New Orleans Real Estate Agents' Association and was between plaintiff and defendant. The contract of August 31 was the result of a written offer and written acceptance of the offer between the prospective purchaser and the defendant. This agreement, while it contains a provision whereby the defendant again bound herself to pay the commission of plaintiff, does not in any way revoke or supersede the contract of July 6, 1927, but merely ratifies and confirms the provision in the contract of July 6, 1927, to pay the said commission of 4 per cent on the purchase price. The contract of July 6th could only be superseded or annulled with plaintiff's consent or for cause.

As plaintiff, in good faith, rendered considerable service in carrying out her agreement of July 6, 1927, and submitted the bona fide offer, which was accepted by defendant, we are of the opinion that the commission was then and there earned under the provisions of the contract, and that the defendant could not deprive plaintiff of her commission by entering into a subsequent agreement with the prospective purchaser to set aside the contract of purchase and return the deposit.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment of the district court be, and the same hereby is, annulled, reversed, and set aside; and it is now ordered, adjudged, and decreed that there be judgment herein in favor of plaintiff, Miss Phene Veters, feme sole, and against the defendant, Mrs. Marie J. Walsh, in the full sum of $320, together with legal interest from judicial demand until paid, and 25 per cent additional as attorney's fees, and all costs of court.