HAMITER, Justice.
The demand of plaintiffs in this action, founded on an express warranty contained in a deed executed by the defendant to them and affecting immovable property known as 2517-19-21 South Broad Street in the City of New Orleans, is for reim-r bursement of $2,961.01 which they expend: ed in curing alleged defects in such property’s title.
Plaintiffs prevailed in the district court; and from the judgment most of the warrantors in the chain of title, made parties to the suit through calls in warranty, have appealed.
The record discloses that one William S. Good, Jr., as owner, constructed a large concrete block building bearing the mentioned municipal numbers on land described in a survey of F. Gandolfo, Jr., as Lots 3, 4 and 5 of Square No. 489 in the Fourth District of New Orleans. Subsequently, the land and building were conveyed suc¿ *1011 cessively, under usual warranty deeds, to Dr. Lee C. Schlesinger et al., to Charles Keller, Jr., to Katz Realty Company, Inc., and finally to Harry Katz et al., the plaintiffs herein.
In 1952 a prospective purchaser, who had been conducting negotiations with plaintiffs, caused the property to be surveyed by Guy J. Seghers, a qualified surveyor. This survey did not change the dimensions of the lots; but it moved the entire Square No. 489 about nine inches in a westerly direction toward Eve Street, as the result of which the walls of the building on its Melpomene Street side encroached on adjoining lots a like distance. The Segher survey also disclosed that thereunder, and even under the original Gandolfo survey, the foundations of the building extended beyond the title dimensions of the lots and into lands of four adjoining owners. The encroachments, caused both by the walls and the underground foundations, varied from two inches to two feet.
On the discovery of the described situation plaintiffs’ attorneys gave written notice of it to the above named warrantors in the chain of title. Their letters, among other things, stated:
“In connection with a proposed sale of this property, the proposed purchaser has refused to accept the title unless the ground upon which the encroachments rest be conveyed to him. As a result, we have arranged with the adjacent owners to purchase from them sufficient areas of their property in order to eliminate the encroachments.
******
“Accordingly, as a warrantor of this title, you are hereby placed on notice that in due course, demand upon you for reimbursement of the sums expended and costs, necessary to remove the encroachments will be made, with respect to the subject property.” To the letters there was no response.
Thereafter, plaintiffs purchased the strips of land necessary to correct'the encroachments (expending therefor $2,961.-01), and then they sold the entire property. Following the sale they instituted this suit to recover the amount so expended which, according to a stipulation of counsel, was less than would have been the cost of the removal of the foundations and walls to an area within the property lines as shown on the Seghers survey. As prayed for judgment was rendered in their favor. And from it the several former owners who were called in warranty are appealing.
In this court appellants do not question the correctness of the trial judge’s conclusion that the Seghers survey was proper and is controlling. Apparently they concede the existence of the encroachments, for neither in oral argument nor in brief have they pointed out in what manner, if any, the judge’s finding in that respect was erroneous. Here, appellants complain only “that, the Lower Court erred in overruling *1013 the exceptions of no right or cause of action filed by each defendant in warranty, in that the relief prayed for by plaintiffs is not actionable. That, in the event that plaintiffs are entitled to damages, the amount awarded by the trial court is greater than the sum recoverable under the laws concerning warranty.”
Under the mentioned exceptions appellants argue: “The primary question to be answered is: Have plaintiffs stated a cause of action? Can plaintiffs, having disposed of the property in question, seek to be reimbursed an amount equal to that paid to purchase certain portions of ground, which ground the title did not purport to transfer? We believe that the relief granted a purchaser, discovering an encroachment under our articles on warranty, is well defined. The purchaser may ask for a proportionate restitution of price for partial eviction under Article 2514, R.C.C.; or ask that the sale be rescinded under Article 2511, R.C.C. * * * The use of Article 2514, R.C.C., seems illogical in the present matter, where an encroachment is the complaint, * * *. The problem calls for some other form of relief. A diminution of price, can in no way correct the encroachment. Therefore, the only' relief which was open to plaintiffs was to have the sale rescinded. But plaintiffs, by their behavior, forever estopped themselves from taking this action by their disposing of the property in question.”
Accordingly, to be determined primarily herein is whether plaintiffs, on the discovery of the encroachments, were limited to an action for a rescission of the sale.
“The seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells.” LSA-Civil Code Article 2475.
“The warranty respecting the seller has two objects; the first is the buyer’s peaceable possession of the thing sold, and the second is the hidden defects of the thing sold or its redhibitory vices.” LSA-Civil Code Article 2476.
“On the breach of any obligation to do, or not to do, the oblig.ee.is entitled either to damages, or, in. cases which permit it, to a specific performance of the contract, at his option, or he may require the dissolution of the contract, and in all these cases damages may be given where they have accrued, ac-following section.” LSA-Civil Code cording to the rules established in the Article 1926.
These codal provisions appear to afford to plaintiffs the right either to obtain a rescission of the sale or to recover damages because of their vendor’s having failed to perform. And there are cases in the jurisprudence of this state which tend to support that conclusion.
In Pepper v. Dunlap, 5 La.Ann. 200 and Littleton v. Pratt, Boone & Ivy, 10 La. *1015 Ann. 487, this court held that where a vendee purchases from a third person a better title than that derived from his vendor, thereby curing the defect initially existing, he is entitled to a credit for the price paid for the acquired outstanding title. Clearly there was a defect in the title furnished to the instant plaintiffs, the building which they bought having encroached on lots owned by third persons.
A case identical to the present one, except that in it the purchaser employed a different means to cure the defect, is Schill v. Churchill, 11 La.App. 181, 123 So. 139 (certiorari denied by this court). There the vendee, on discovering the encroachment, had the offending improvements physically removed and called on his vendor in warranty to reimburse him for the expense of the removal. The vendor was held liable for these costs, the court in reaching its decision having relied on certain language in Jacobs v. Freyhan, 156 La. 585, 100 So. 726 and Louisiana State Rice Milling Co., Inc., v. Kaplan, 168 La. 50, 121 So. 188, to the effect that sales of land and improvements are deemed to be sales of the ground on which the improvements- rest and that a prospective purchaser could not be forced to perform an agreement to purchase where encroachments on property of third persons were found to exist.
In Veters v. Walsh, 14 La.App. 323, 124 So. 687, 688, there was presented the question of whether or not a seller of immovables was liable for the commission of the-real estate agent where the prospective-purchaser refused to carry out the agreement to purchase because a part of the improvements encroached on adjoining property. In holding that the commission was-, due and owing the court reasoned that although the encroachment existed the contract of sale was nevertheless enforceable-by the prospective purchaser. It saidr “ * * * The fact that it would have-been expensive for defendant to eliminate-the encroachments would not release her-•from the- contract, if the prospective purchaser had seen fit to hold her to specifier performance of it. * * * ”
If a vendee can remove an encroachment and recover the removal cost from his vendor (as in the Schill case)surely these plaintiffs were entitled to purchase the land needed for remedying the-defects and to demand reimbursement of the funds expended, particularly since the-total price paid was less than would have-been removal costs and also since the warrantors in their chain of title completely ignored the written notices of the encroachments which plaintiffs gave.
As to the amount of damages recoverable herein appellants contend that plaintiffs are entitled (if to anything) only to expenses of remedying the wall encroachment on one side of the building, and' that the protruding underground footings and foundations cannot be taken into consideration. They argue that the walls of' *1017 this building “presumably” were party walls such as may, under LSA-Civil Code Article 675, extend as much as ten and one-half inches beyond the property lines; and that, therefore, the foundation encroachments on adjoining lots were contemplated and proper. But this defense was not urged in the pleadings in the trial court. Consequently, and also since it involves questions of fact which would require the taking of much additional testimony, we cannot pass upon it.
Appellants further suggest that the proper method for fixing damages herein is that prescribed by LSA-Civil Code Article 2514 which recites: “If in case of eviction from a part of the thing, the sale is not canceled, the value of the part from which he is evicted, is to be reimbursed to the buyer according to its estimation, proportionately to the total price of sale.” The suggestion appears to conflict with appellants’ position under the aforediscussed exceptions, they having argued thereunder (the argument is above quoted) that the “ * * * use of Article 2514, R.C.C., seems illogical in the present matter * * Nevertheless it is without merit, the codal article being obviously inapplicable to the factual situation existing here. No provision is to be found in that article whereby these plaintiffs could obtain reimbursement of the cost of removing the encroaching walls and foundations and of rebuilding them within the limits of the lots. If this work be not performed then plaintiffs would be deprived of the use of the building in its entirety, and there would result more than a partial eviction.
For the reasons assigned the judgment appealed from is affirmed.