BOLIN, Judge.
Laurie G. Campbell sold A. B. Harville two lots in Bossier Parish by warranty deed. Harville sued Campbell for $2000 damages for breach of warranty. Campbell named as third-party defendant Marsha B. Craig, from whom his vendor had acquired the property. Judgment was rendered in favor of Harville and against Campbell for the amount claimed and an in rem judgment over against third-party defendant, a non-resident, was granted in favor of Campbell. The latter appeals from that part of the judgment holding him liable to plaintiff.
Marsha B. Craig, representing herself to be single and the sole heir at law of Annie Mae Craig, and Levi Craig, representing himself to be the widower of Annie Mae Craig, deceased, mortgaged the property to Spot Loan System, Inc. on November 26, 1962. Spot Loan foreclosed on its mortgage and bought the property at a sheriff’s sale on September 25, 1963. The property was acquired by defendant on November 13, 1963, from Spot Loan. Campbell sold the property to Harville on November 21, 1963. An affidavit was placed of record on February 17, 1964, in which seven parties other than Marsha B. Craig were designated as children of the marriage of *275 Levi and Annie Mae Craig. The good faith of plaintiff as vendee and defendant as vendor is not questioned.
The attorney for Harville wrote Campbell on January 27, 1966, advising him there were heirs claiming an interest in the property and asking defendant what steps he planned to take relative to his liability as warrantor. Failing to receive a reply the attorney again wrote Campbell on March 6, 1966, advising that Harville was being requested to pay $1,000 for the additional interest. The letter further informed Campbell, should there be no response to the demand, plaintiff would proceed to acquire the remaining interest and would look to Campbell for reimbursement. Campbell does not deny receiving these letters nor that he failed to take any action to perfect the title which he had warranted.
Ultimately, after negotiation between the attorney for the Craig heirs named in the affidavit and the attorneys for Harville, the latter paid the heirs $2,000 for their interest in the property. It is for this sum that plaintiff seeks reimbursement from Campbell.
Defendant filed an exception alleging there had never been any succession proceedings recognizing the heirs as owners of the property; that plaintiff’s petition failed to set forth what interest was allegedly acquired and by what manner petitioner was forced to pay the sum of $2,000 for such interest and, finally, that the petition failed to set out an eviction as is necessary for the basis of the proceeding.
Plaintiff filed a supplemental petition setting forth each deed whereby he obtained the individual outstanding interest of the other Craig heirs. The exception was overruled and the case went to trial on the merits. On appeal defendant reurges the exception.
We consider first whether it was necessary to open the succession prior to a suit in warranty. Campbell contends this part of the exception was not leveled at the procedural capacity of the heirs of Annie Mae Craig but rather at the failure of petitioner to require a succession or suit by the heirs in order to fix judicially the interest in the property owned by them.
Defendant contends La.R.S. 47:2411 requires a judicial determination of inheritance taxes due as a prerequisite to placing heirs in possession or to their right to alienate any part of the succession. However, in La.R.S. 47:2412 provision is made for payment of the tax by the transferee from the heirs which validates a transfer made prior to the judicial determination. Defendant cites Bishop v. Copeland, 222 La. 284, 62 So.2d 486 (1952) as holding a warrantor cannot be held liable for reimbursing his vendee for improvements unless there has been a partition and accounting.
We consider the Bishop case and the cited sections of Title 47 to be irrelevant to the instant case. Plaintiff is suing his own vendor, under a contract of warranty. The question of whether any inheritance tax is due or has been paid is of no concern here. See Catlett v. Catlett (La.App. 2 Cir. 1957), 99 So.2d 135. The extent of the title acquired from the Craig heirs can be and was determined on the trial on the merits. Campbell introduced no evidence to prove these heirs were not entitled to share in the property.
Defendant’s contention plaintiff has failed to establish an eviction can hardly be seriously urged here since defendant has in effect admitted this property belonged to deceased whose succession has never been opened. He does not deny the existence of outstanding claims of the seven other children of Annie Mae Craig and Levi Craig. We conclude plaintiff has sufficiently proved his eviction. La.C.C. Art. 2500.
As plaintiff does not seek recission of the sale but damages for partial eviction, we consider the paramount issue to be *276 whether plaintiff is entitled to recover the full amount of his expenses in perfecting his title to the property or is limited to that sum which would be recoverable under La.C.C. Article 2514:
“If in case of eviction from a part of the thing, the sale is not canceled, the value of the part from which he is evicted, is to be reimbursed to the buyer according to its estimation, proportionably to the total price of sale.”
Defendant asserts, in the event plaintiff is granted recovery, his damages are limited to %6ths of the purchase price of $750. This calculation is based on his contention the property conveyed by Annie Mae Craig was community rather than separate property. The evidence reflects Annie Mae Craig purchased the lots by two conveyances dated August 5, 1952, and February 2, 1955. On the specified dates she was married to Levi Craig but they lived separate and apart from 1928 until her death. The money used to purchase the property was obtained by Annie Mae from contributions from her children together with her earnings while separated from her husband. The evidence is convincing that Levi Craig contributed nothing toward the purchase price. While it is true he was a party to the instrument when the property was mortgaged to Spot Loan, this evidence alone is not sufficient to convince us the property belonged to the community. Appellant relies primarily upon Houghton v. Hall, 177 La. 237, 148 So. 37 (1933). This case stands for the well-recognized rule that all property acquired by a wife during the marriage is presumed to be community and in order to overcome such presumption she must establish the paraphernality of the funds, her separate administration thereof and the investment by her. We find the evidence in the instant case establishes the property was the separate property of Annie Mae Craig. Therefore, the interest acquired by Harville from Campbell was an undivided 1/8th interest, thus leaving %ths interest owned by the seven heirs of Annie Mae Craig.
Defendant having conveyed to plaintiff a tract of land and warranted the title thereto, and it having been shown the title was defective as to an undivided %ths interest therein, La.C.C. Art. 2514 seems to provide for the amount of recovery. However, it must be pointed out the court in Katz v. Katz Realty Co., 228 La. 1008, 84 So.2d 802 (1955) failed to apply this article because of the peculiar factual situation. In the Katz case property was sold upon which was located a building. After having the property surveyed it was discovered the building was partially located on property not covered by the deed. It was held Civil Code Article 2514 was inapplicable in that the codal article made no provision whereby the plaintiffs could obtain reimbursement of the cost of removing the encroaching walls and foundations and of rebuilding them within the limits of the lot. The court further observed that unless such work was performed, the plaintiffs would be deprived of the use of the buildings in its entirety and there would result more than a partial eviction. There plaintiff was allowed to recover the amount expended in order to purchase the land covered by the encroachment. Cited in support of this holding were La.C.C. Arts. 2475, 2476 and 1926, and the cases of Pepper v. Dunlap, 5 La.Ann. 200; Littleton v. Pratt, Boone and Ivy, 10 La.Ann. 487; Schill v. Churchill, 11 La.App. 181, 123 So. 139 (1929). For comments on this case see “Particular Contracts” by J. Denson Smith, Louisiana Law Review Vol. 17, Page 327.
We think the instant case is governed by La.C.C. Art. 2514 and may be distinguished factually from Katz v. Katz and those cases cited therein. Here the land purchased was unimproved and by the clear and unambiguous language of the cited codal article the only obligation of the warrantor in case of partial eviction was to reimburse the purchaser “proportionately to the total price of sale”. The fact that Harville *277 placed improvements on the property after the purchase in no way increased the obligation of the warrantor. The proportion of the title which was defective is easily calculated as being an undivided ^ths interest in the entire property. When Harville discovered the outstanding interest of the seven heirs he did not demand that the sale be rescinded or that he be returned a portion of the purchase price, but merely notified Campbell of the defective title and requested him to do what was necessary in order to perfect the title. Under the facts of this case we know of no law that requires the warrantor to remedy a defective title but, to the contrary, his obligation is clearly set forth under La.C.C. Art. 2514.
In Berwick Mud Company, Inc., v. Stansbury (La.App. 3 Cir. 1967), 205 So.2d 147, plaintiff, after purchasing a mineral lease under a warranty deed, discovered an outstanding mineral interest in two minor heirs. Plaintiff purchased this outstanding interest for the price of $8,730 and sued the warrantor. Recovery of the full sum was allowed, the court concluding:
“This latter sum was the expense plaintiff incurred in order to obtain full interest in the minerals which appellees had guaranteed to it in the first lease. The express warranty provision of the lease was intended to give the lessee the same rights as does the warranty of title in a sale of real property. Therefore, actual eviction was not a condition precedent to plaintiff’s recovery under the warranty provision. Therefore, this is a case where one being guaranteed full title discovers a defect in that title and undertakes to cure the defect and recover from his warrantor in title the cost incurred by him in curing the defect. See Katz v. Katz Realty Co., 228 La. 1008, 84 So.2d 802 (1955); Pepper v. Dunlap, 5 La.Ann. 200 (1950).”
Writs were not applied for in the Ber-wick Mud Company case and it appears to be somewhat in conflict with our holding in the instant case. If the decision was intended to increase the warrantor’s obligation under La.C.C. Art. 2514 so as to permit a vendee under a warranty deed to cure his own title and then sue the warrantor we respectfully disagree with the holding.
For the reasons assigned the judgment appealed from is amended so as to reduce the amount of recovery from $2,000 to %ths of $750, or $656.25.
As thus amended the judgment is affirmed and appellee is cast with the cost of this appeal.