YELVERTON, Judge.
By act of sale dated December 5, 1979, Allen Berzas conveyed to Joseph Comeaux and his wife, under full warranty, a certain tract or parcel of land, together with all improvements thereon, in the Town of Mamou, described as the east 50' of the west 60' of Lot 2 of Block 3 of the Duos-Du-hon Subdivision. The declared price was $16,000.
There were no improvements on the property at the time of the sale, but the price included a 20' X 30' house already constructed and then located elsewhere. Not only did the price include both the lot and the house, but it also covered the obligation of Berzas to move the house onto the lot. It also covered the obligations of Berzas to erect an addition onto the house once it was placed on the lot, and to install a septic tank on the property. It was part of the agreement that Berzas was to place the 20' X 30' house in the exact center of the property.
The obligations undertaken by Berzas were, in due course, accomplished to the satisfaction of both parties. Berzas staked out the property lines of the lot, determined the center, staked out the precise location of the house, moved it on the property and set it down, built the addition, and installed the septic tank.
After the Comeauxs moved in, they constructed a driveway along the eastern side of the property, built a garage onto the house on that side, and put in a garden from one side to the other in the back.
Then Gregory Fuselier bought the subdivision lot east of the Comeauxs. In addition, he bought the east 20' of the lot out of which the Comeauxs’ property had been carved and thus became their next door neighbor. He had a survey made. The result of that survey, later accepted as correct by the trial court in a petitory action and trespass damage suit brought by Fuse-lier against the Comeauxs, was; the discovery that some of the Comeaux improvements encroached on Fuselier’s property.[1] Other improvements encroached within the prohibited zoning distance next to Fuselier’s property.
In his lawsuit against the Comeauxs, Fuselier won a judgment ordering them to move the house and pay him damages totaling $1100.
This judgment is now final, no appeal having been taken by either party.
In the same proceedings the Comeauxs filed a third party demand against Berzas, and the latter filed a third party demand against Gilbert and Lillian Guillory, Berzas’ vendors of the 50' lot. The trial court granted the third party demand of the Co-meauxs against Berzas but rejected the latter’s third party demand against the Guillo-rys.
These are the two judgments on appeal. We will now discuss the two claims individually, treating the issues raised on appeal as we reach them.
COMEAUXS AGAINST BERZAS
As stated earlier, Berzas’ sale of the house included the obligation to deliver it and set it down in the center of the Co-meauxs’ “lot”. This “lot” was only 50' wide. The subdivision lots were 80' wide. The Comeaux lot was carved out of Lot 2, *301 Block 3, leaving 10' on the west and 20' on the east unsold. The parcel had not been staked when shown by Berzas prior to the purchase, but the Comeauxs were pointed to its near location. The Comeauxs were illiterate and in failing health.[2] It was understood that Berzas had full responsibility to locate the exact outer perimeters and set the house in the middle.
After the sale and before the house was moved, Berzas went to the premises to determine the boundaries. He asked his vendor of the lot, Gilbert Guillory, to accompany him. These two, armed with tape measure and stakes but no expertise, took some measurements and put down stakes. Ber-zas then moved the house on the lot in accordance with those stakes.
Berzas and Guillory put the west and east line stakes about eight and a half feet east of where they should have been. Thus, when Berzas moved the house to the lot he placed it a like distance east of center. Berzas put the septic tank three feet outside the correct boundary. As a consequence, the septic tank as well as the garage and other structures later added by the Comeauxs actually encroached on their neighbor’s land. The house itself, though not encroaching, was within the prohibited zoning distance from property lines applicable to the subdivision. To remedy these various problems, the trial court in earlier proceedings ordered the garage and other encroachments removed. By means of the later, appealed from judgment, he ordered that the house be moved west to a point seven feet west of the east property line, and he awarded damages to the plaintiff adjacent property owner (Fuselier) in the amount of $1100. The damages consisted of four items: (1) $350 as the cost to remove the septic tank, (2) $300 for deprivation of peaceful possession, (3) $300 for mental anguish, and (4) $150 for malicious prosecution.
The judgment rendered in the third party demand essentially required that Berzas indemnify the Comeauxs to the extent of the judgment rendered against them. The third party judgment added one thing: it required Berzas to pay the cost of re-installation of the septic tank.
Berzas’ main defense to the third party claim is that he owed no-duty to the Co-meauxs under these circumstances. We disagree.
The seller is bound to two principal obligations, that of delivering and that of warranting the things he sells. La.Civ.Code art. 2475.
Delivery is the putting of the buyer in possession. La.Civ.Code art. 2477. As to land, the law considers that delivery accompanies the act of sale. La.Civ.Code art. 2479. This article, however, implies that possession is not complete until physical possession is taken by the buyer. See Marshall v. Armand, 306 So.2d 331 (La.App. 3rd Cir.1975). In the present case the parties obviously contemplated that possession would be delayed until the lot was delineated and the house placed in its center.
La.Civ.Code art. 2491 binds the seller to deliver the full extent of the premises as specified in the contract. Here, Berzas did not deliver possession of the premises as specified in the contract, but delivered a lot deficient by eight and a half feet on the west. Also, he delivered a strip eight and a half feet on the east that he did not own.
The delivery must be made at the place agreed upon. La.Civ.Code art. 2484. Ber-zas did not fulfill his obligation in this regard either as to the house, the improvements he added, or the septic tank.
Therefore, Berzas did not properly perform his obligation of delivery of the things that he sold.
He was also bound to the obligations of warranting the Comeauxs against eviction. La.Civ.Code art. 2501. The Co-meauxs have suffered a partial eviction. The improper placement of the lot and con *302 sequently the house, resulting in encroachments on adjoining property, is a breach of the warranty against eviction. Guthrie v. Rudy Brown Builders, Inc., 416 So.2d 590 (La.App. 5th Cir.1982).
We next consider whether it was proper for the trial court to require Berzas to fully indemnify the Comeauxs based on the judgment rendered against them in favor of their neighbor, Fuselier.
There is no special provision for damages among the articles dealing with delivery in the title: Of Sale. However, art. 2438 says that in such a case, the contract of sale is subjected to the general rules established under the title: Of Conventional Obligations. Among the articles dealing with warranty in case of eviction there are special articles dealing with damages. But none apply specifically to the instant facts. Article 2506 provides for damages for a total eviction, which this is not. Nor is this a partial eviction of such consequence as to justify cancellation of the sale envisioned by article 2511. Nor is it a partial eviction such that the purchaser can be restored by proportionate reimbursement of the purchase price as provided by article 2514. However, these articles were, not intended to be the exclusive rules for deciding claims for damages in eviction cases, as article 2516 demonstrates, as follows:
Art. 2516. Damages from non-execution of sale, rules governing
Art. 2516. Other questions arising from a claim for damages, resulting from the non-execution of the contract of sale, shall be decided by the general rules established under the title: Of Conventional Obligations.
Like Katz v. Katz Realty Co., 228 La. 1008, 84 So.2d 802 (1955) and Guthrie v. Rudy Brown Builders, Inc., supra, we find that damages in these circumstances should be based on La.Civ.Code arts. 1926 and 1934(3). In Katz, it was held proper that plaintiffs be reimbursed by their vendor for the amount they paid to purchase a portion of an adjoining landowner’s property which had encroachments of their walls and foundation upon it. The Katz plaintiffs went about solving their potential eviction problems on their own without prior approval of either the court or their vendors. In the instant case, where the eviction was forced upon the Comeauxs and their loss determined by judgment after assertion of the rights and claims of third persons, we perceive no difficulty in holding that the damages required to “fully indemnify the creditor” (La.C.C. 1934(3)) justifies affirming this award.[3] For the same reasons we feel that the imposition of the further burden on Berzas that he pay for the reinstallation of the septic tank, is proper.
Berzas contends that, at least, he should not have to reimburse the Comeauxs for that portion of the trespass damage incurred after their neighbor, Fuselier, told them they were encroaching. This happened about May of 1980. However, there is also testimony in the record that after-wards, Berzas assured the Comeauxs that Fuselier was wrong. This was a factual and credibility question resolved by the trial court in favor of the Comeauxs. We cannot say that the trial judge was wrong in this determination. Therefore, we cannot say that the Comeauxs were ever aware of any title defect sufficient to free Berzas from his obligation of warranty.
We observe, however, that the $150 award for malicious prosecution[4] should not have been passed on to Berzas. We know of no rule of law that authorizes one to *303 charge his deliberate tort to a warrantor or an indemnitor.
For these reasons, except for the item of $150 for malicious prosecution, we affirm the third party judgment against Berzas.
BERZAS AGAINST THE GUILLORYS
Guillory was in the real estate business around Mamou. He and his wife sold the 50' parcel to Berzas which the latter, on the same day, sold to the Co-meauxs. After these sales, Guillory assisted Berzas, at his request, in locating the boundaries. Berzas takes the understandable position that if he is liable to the Co-meauxs, the Guillorys are liable to him.
The trial court rejected this third party demand. No reasons were given but it is apparent from the record that as between these parties Guillory never made any assurances to Berzas that the property lines were properly determined. In fact, he told Berzas that the stakes were at best only an approximation. Guillory was no more a qualified surveyor than was Berzas.
Based on these facts the trial court made the correct decision under the law. When Berzas bought the 50' from the Guillorys, there were no conditions attached concerning the later delineation of its boundaries. When Guillory joined him to try and define the boundaries, it was made clear that Guil-lory did not really know where the boundaries were and that their measurements were only approximations. Thus the delivery and warranty against eviction obligations flowing from Guillory to Berzas were not the same as those owed by Berzas to the Comeauxs, under the circumstances of this case. Berzas knew the risks and took a chance. Where a purchaser is cognizant of a defect in title he is about to acquire, he cannot call upon the vendor to make good the damages resulting from the defect. Harris v. Bourgeois, 272 So.2d 44 (La.App. 4th Cir.1973).
We affirm the judgment rejecting the third party demand of Berzas against the Guillorys.
For the reasons assigned, the judgment of the trial court in favor of Mrs. Eva F. Comeaux and the heirs of Joseph E. Co-meaux, namely Stephen Comeaux, Ruby Comeaux LeJeune, Robertha Comeaux Viz-era, Sherril Comeaux Dies, and Wanda Co-meaux, and against the third party defendant, Allen Berzas, in the amount of $1,100.00, with interest, is amended to reduce the award to the amount of $950, and, as amended, it is affirmed. The judgment ordering Berzas to pay all costs associated with moving the home belonging to the Comeauxs to conform to the ordinances of the Town of Mamou, and also that he pay all costs of reinstallation of the septic tank to be used in association with the Comeaux home on the property belonging to the Co-meauxs, and also that Berzas pay all costs in the proceedings, is affirmed. The judgment rejecting the third party demands of Allen Berzas against Gilbert J. and Lillian Guillory, at Berzas’ costs, is affirmed.
All costs on appeal are to be paid by Allen Berzas.
AMENDED AND AFFIRMED.

. These — the garage, the driveway, the garden, and the septic tank — were removed pursuant to a mandatory injunction granted in earlier proceedings in the case. The costs of removal of the garage, the driveway and the garden, for a reason not apparent in the record, were not passed on to Berzas in the third party judgment and therefore are not before us on appeal.

. Mr. Comeaux died during the pendency of these proceedings and his heirs were substituted in his place.

. Part of the indemnity that Berzas owed the Comeauxs is for mental anguish. We are aware that in Guthrie v. Rudy Brown Builders, Inc., supra, mental anguish was held not to be a recoverable damage item under the warranty articles. Of course, in Guthrie the evicted parties were seeking damages for their own mental anguish from their vendors. In the instant case the Comeauxs are not seeking recovery for their own mental anguish, but indemnity for the mental anguish of a third person now reduced to judgment.

. After the dispute arose following Fuselier’s survey, either the Comeauxs or their daughter caused criminal charges to be filed against Fuselier. These charges were later dismissed by the district attorney.