LeBLANC, Judge.
The issue presented in this appeal is whether the trial court erred in granting defendants’ motion for summary judgment. We find that it did and, accordingly, reverse the judgment.
On March 3, 1978, plaintiffs, Mr. and Mrs. Andrew Melancon [1], purchased a residential lot located in St. Tammany Parish from defendants, Mr. and Mrs. Thomas A. Lussen Jr. Thereafter, plaintiffs had a house constructed on the lot. On or about December 6, 1978, Mr. Gregory Pichón, an adjacent landowner, filed a boundary action against plaintiffs, claiming forty feet of his property was included on plaintiffs’ side of the fense which purportedly separated their property.
In September, 1979, Mr. Melancon moved to Houma in order to begin a new job. Mrs. Melancon remained in the house in St. Tammany Parish until December, 1979, at which time she and Mr. Melancon separated and she moved to Kenner. According to the affidavits filed in opposition to defendants’ motion, plaintiffs attempted to sell the house before this time, but were unable to do so because of the title problems created by the pending boundary action. At some point, plaintiffs stopped making their monthly mortgage payments and the property was eventually sold at a sheriff’s sale.
Subsequently, plaintiffs filed suit against Mr. and Mrs. Lussen, Borgen Engineering, Inc., the company which had prepared a survey in conjunction with the sale of the lot, and Borgen’s owner, Ivan M. Borgen. After answering the suit, defendants filed a motion for summary judgment, which was granted by the trial court. This appeal by plaintiffs followed.
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits filed show that there are no genuine issues of material fact, and that the mover is entitled to judgment as a matter of law. La.Code of Civ.P. art. 966. The burden of establishing the absence of any genuine issues of material fact is upon the mover for summary judgment. Wilson v. H.J. Wilson Co., Inc., 492 So.2d 54 (La.App. 1st Cir.), writ denied, 496 So.2d 355 (1986). Summary judgment should be granted cautiously and sparingly, with any doubt as to the existence of issues of material fact to be resolved against granting the motion. Fort v. Atkins, 452 So.2d 363 (La.App. 1st Cir.1984).
The crux of plaintiffs’ position is that they have sustained damages as a result of defects in the title delivered to them by defendants. In opposition, defendants argue that any damages sustained by plaintiffs were a direct consequence of their deliberate decision to stop making mortgage payments, which resulted in forclo-sure proceedings and a sheriff’s sale of the property.
From the pleadings and affidavits filed, it is impossible to determine whether there were any actual defects in the title conveyed by the Lussens. Much more information is needed to make this determination. If the title was in fact defective, plaintiffs have a cause of action for damages which arose at the time of the sale. The fact that the subject property may subsequently have been sold at sheriff’s *608 sale does not perempt plaintiffs’ claim for damages. Cf. Katz v. Katz Realty Company, 228 La. 1008, 84 So.2d 802 (1955); Sauve Heirs, Inc. v. Reynaud Const. Co., Inc., 441 So.2d 239 (La.App. 4th Cir.1983); also see, Associates Financial Services Co. v. Ryan, 382 So.2d 215 (La.App. 3rd Cir.1980); Clark v. McBride Dodge, Inc., 289 So.2d 841 (La.App. 4th Cir.1973). It is important to remember that plaintiffs are not attacking the sheriffs sale, but are pursuing a claim for damages arising at the time of the original sale. The only respect in which the foreclosure and sheriffs sale possibly may be relevant is with regard to a determination of damages, in the event plaintiffs prevail on the merits. As alluded to by defendants in their brief, the occurrence of the foreclosure and sheriffs sale may present an issue as to whether plaintiffs properly mitigated their damages. However, it does not preclude the present proceedings.
Plaintiffs specifically contend that the claims asserted by Mr. Pichón constituted an eviction from a portion of their property. Defendants counter that no eviction occurred because plaintiffs were not actually dispossessed and it was only shown that certain claims had been made regarding portions of the property and not whether these claims had any merit.
First, as acknowledged in defendants’ own brief, an eviction may occur under certain circumstances even though there has been no actual dispossession. Harville v. Campbell, 221 So.2d 273 (La.App. 2d Cir.1969). Secondly, it is not always essential that a judgment of eviction be obtained before an eviction can be said to have occurred. Id. In order to prevail in this case, it would be sufficient for a plaintiff to • establish that there was merit to Pichon’s adverse claims. See, Harville, supra.
In this case, defendants did not introduce any affidavits or other documents in conjunction with their motion for summary judgment to resolve whether Pichon’s claims against plaintiffs were well-founded. In any event, even if it is determined that no eviction occurred, plaintiffs may still be able to establish a claim for breach of warranty, depending if the title conveyed by defendants was actually defective. These issues remain unresolved. Defendants have established neither that there are no genuine issues of material fact, nor that they were clearly entitled to judgment as a matter of law.
Accordingly, the judgment of the trial court granting defendants a summary judgment is reversed. Defendants are to pay all costs of appeal.
REVERSED.

. Plaintiffs were subsequently divorced and Mrs. Melancon has since remarried.