FRED W. JONES, Jr, Judge.
Plaintiff bank sued the defendant merchant for recovery of the amounts of two checks, allegedly credited to defendant’s store account, on which payment was stopped by the maker. From a judgment in favor of defendant, plaintiff appeals. We affirm.
According to the record, for some eight years the defendant Gish operated a retail business under the name of “Gish’s General Store” in the rural community of Sarepta. In May 1980 Gish agreed to sell his store business to Kenneth Smith and Barry Gill. Consideration for the transfer was to be the construction by Smith and Gill of two houses for Gish. The transaction was to be consummated upon completion of the houses. It was understood that, in the interim, Smith and Gill would familiarize themselves with the store business by assisting in its operation, with Gish continuing in control. Receipts from sales were to be used primarily to increase the inventory level, which Gish had allowed to decline.
On May 19, 1980, Smith’s wife, Debbie, and Gill (using the name “Barry Hill”) opened a checking account with plaintiff bank in Springhill in the name of “Gish’s General Store”, describing themselves as the owners of the business. They deposited the sum of $912.71, taken from Gish’s store receipts without his knowledge or consent. Gish did not have an account with plaintiff bank and, of course, did not authorize the opening of this account. His name did not appear on the account card.
The account in question remained active for several weeks, with numerous deposits and withdrawals, all without the knowledge of Gish. Among the checks stolen from Gish and deposited in the account were the two which are the subject of this litigation. Both were made by Mrs. James E. Watters and were drawn on the First State Bank & Trust Company, Carthage, Texas. The first was dated June 24, 1980, for $200, payable to “cash”. The second was dated June 26, 1980, for $266.23, payable to “Gish Building”. Each was stamped on the back “for deposit only, Gish General Store.” They were subsequently returned to plaintiff by the Texas drawee bank stamped “payment stopped.” By that time, however, the account had been closed out. Consequently, plaintiff could not charge back against the account the credit previously given for these dishonored checks. Both Smith and Gill had disappeared. This suit was then brought by the plaintiff bank against Gish to recover the amounts represented by the dishonored checks.
Plaintiff contends that the trial judge erred in not allowing it recovery from Gish under La.R.S. 10:3-507(2), which provides:
“Subject to any necessary notice of dishonor and protest, the holder has upon dishonor an immediate right of recourse against the drawers and indorsers.”
We reject this argument.
La.R.S. 10:3-401 stipulates that:
“(1) No person is liable on an instrument unless his signature appears thereon.
“(2) A signature is made by use of any name, including any trade or assumed name, upon an instrument, or by any word or mark used in lieu of a written signature.”
An unauthorized signature or endorsement is defined in La.R.S. 10:1-201 as “one made without actual, implied or apparent authority.”
La.R.S. 10:3-404(1) provides that “an unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratified it or is precluded from denying it.”
In this case it was Gish’s unrefut-ed testimony that he had not authorized anyone to remove checks which had been received in his personal or business transactions, nor to endorse his checks, nor to open a store checking account in plaintiff bank. *821 Gish’s signature does not appear on the back of the dishonored checks. Clearly, the endorsements thereupon were without his knowledge or consent. Gish is not precluded from denying the unauthorized endorsements since his actions did not substantially contribute to their making, i. e., Gish was not negligent simply because he gave Smith and Gill access to his cash register since he believed in good faith that they were going to acquire his business. Since Gish never knowingly assented to the endorsements by express words or conduct, he did not ratify those endorsements. Consequently, we find that the trial court correctly held the defendant not liable for the face amounts of the dishonored checks.
For the reasons set forth, the judgment of the trial court is affirmed, at appellant’s cost.