524 So.2d 210 (1988)
William STEPTER
v.
HIBERNIA NATIONAL BANK.
No. CA-8722.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1988.
Peter S. Thriffiley, Thomas J. Lutkewitte, Favret, Favret, Demarest & Russo, New Orleans, for defendant-appellant.
Wayne E. Garrett, Charbonnet & Charbonnet, New Orleans, for plaintiff-appellee.
Before BYRNES, CIACCIO and PLOTKIN, JJ.
PLOTKIN, Judge.
Appellant Hibernia National Bank appeals a trial court judgment awarding appellee William Stepter $4,300, the total Hibernia dispensed from Stepter's checking account on forged checks, together with legal interest from date of judicial demand until paid.
The checking account, Hibernia Number XX-XX-XXXX-X, was opened by Stepter and his wife during 1976. Both spouses were authorized to sign checks on the account, which was used primarily to pay bills. Most of the checks written on the account were for uneven amounts. Although Stepter made deposits, his wife wrote most of the checks.
Between March and June of 1983, Stepter and his wife lived separate and apart, although they remained legally married. Mrs. Stepter lived at the family domicile at 1918 Filmore Street with the couple's children during that period. Since she was the primary user of the account, she possessed most of the checks during the separation. All account statements were mailed to that address. Stepter checked his mail about once a week.
Sometime around the end of April or beginning of May 1983, Stepter noticed that he had not received his April bank statement. He notified Hibernia and was told that he would receive a duplicate statement. *211 On June 7, 1983, when he still had not received his April statement and he also had not received his May statement, Stepter went to the bank, where he was given copies of his statements. On examination, Stepter noticed a number of checks for even amounts. He immediately closed the account and requested copies of the checks. He testified at trial that bank personnel told him that he would be reimbursed for any checks he did not write.
When he got copies of the checks more than 30 days later, he discovered that all the checks for even amounts were made payable to his brother, Norman Stepter, and that his name was on the signature line. On July 13, 1983, he executed an affidavit of forgery.
Norman Stepter admitted at trial that he had written the checks and signed his brother's name to them. He also claimed that he gained possession of the checks from his brother's son, Mario, who lived with Mrs. Stepter during the time these events occurred.
Some eighteen checks for even amounts, usually either $200 or $300, were involved. The trial court found against Hibernia for the total amount of the checks, $4,300, then awarded Hibernia $4,300 against Norman Stepter on a third-party demand, plus legal interest from date of judicial demand. Hibernia contends that Stepter was not entitled to recovery because he negligently managed the account. Additionally, Hibernia claims the trial court should have allowed recovery from Mario Stepter in another third-party demand.
The general rule, established by ancient jurisprudence, is that when a depositary of money to be drawn upon checks pays on a forged check, it is liable for the amount of the checks, plus legal interest from the date of judicial demand. Etting v. Commercial Bank, 7 Rob. 459 (La.1844); Laborde v. Consolidated Ass'n, 4 Rob. 190, 39 Am.Dec. 517 (La.1843). The statutes governing and recent caselaw indicate that rule still applies, subject to some exceptions. Hibernia does not dispute application of that rule in the instant case, so we reaffirm its validity.
One of the exceptions to the general rule stated above is found in LSA-R.S. 10:3-406, which provides as follows:
Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee's or payor's business.
Under the above rules, the plaintiff's prima facie case consists merely of proof that the bank paid on a forged check. Stepter has met its burden in the instant case. The burden then shifts to the bank to prove application of an exception. Under LSA-R.S. 10:3-406, which Hibernia claims applies to this case, the bank must prove three things before the customer may be estopped from being reimbursed for money paid on forged checks: (1) That the customer negligently managed his account, (2) That the negligence "substantially contributed" to the forgery and (3) That the bank used reasonable commercial standards in the manner in which it handled the account.
In support of its contention that Stepter negligently handled the checking account, Hibernia cites Ashley-Hall Interiors, Ltd., Inc. v. Bank of New Orleans, 389 So.2d 850 (La.App. 4th Cir.1980).
The two cases are easily distinguishable. In Ashley-Hall, the checks were forged by a company bookkeeper who had both unlimited access to the checks and authority to sign checks. The bookkeeper wrote checks to herself and also raised the amount of checks which were properly written to her. Additionally, she wrote checks payable to Delta Air Lines, a mail order house and another third party. She even wrote one check to pay her utility bill. Her supervisor had failed to examine the company records which would have revealed the forgeries, even though he had questioned her buying power on a couple of occasions. Additionally, the forgeries had been occurring *212 for six months before they were discovered by the company. This court properly found the company's negligence substantially contributed to the material alteration of the instruments and denied relief against the bank.
The instant case is very different. The plaintiff did not give Norman Stepter unlimited access to the checks in this case, nor was Norman Stepter authorized to sign the checks. Additionally, Stepter notified the bank as soon as he realized that he had not received his April statement on time. He closed the account immediately after viewing the statements, even before he had copies of the checks. Hibernia attempted to prove at trial and argued in brief that Stepter was negligent because he allegedly did not personally reconcile his bank statements every month. However, Stepter testified that he or his wife balanced the account every month, and that if he did not personally check the account, his wife gave him the information. Additionally, Stepter notified the bank within the 45 days which his deposit contract with Hibernia allowed for notification of problems. This record supports the trial court's finding that Stepter was not negligent.
The bank attempted to prove that it used reasonable commercial standards in the method by which it handled the plaintiff's account. However, at trial, the bank's representative admitted that signatures on checks were not routinely checked against authorized signatures unless the check was for an unusually large amount. The representative stated that this is a normal practice for modern banks, because checking every signature is too expensive. However, since the bank failed to prove negligence on the part of the customer, evidence that it used reasonable commercial standards is insufficient, even if the fact had been proven, to evoke the estoppel defense set out in LSA-R.S. 10:3-406.
Hibernia also challenges the trial court's failure to rule against Mario Stepter on its third party demand. However, the only evidence presented by the bank linking Mario with the forgeries was Norman Stepter's testimony that Mario took the checks. Mario's deposition was submitted into evidence and he consistently denied any involvement in the incident. We find no error in the trial court's decision on this issue.
Because the record indicates that Stepter was not negligent in managing his Hibernia checking account, the trial court's award of $4,300 to Stepter is affirmed. The trial court's failure to rule in favor of Hibernia on the third party demand against Mario Stepter is also affirmed.
AFFIRMED.