600 So.2d 779 (1992)
KID GLOVES, INC.
v.
The FIRST NATIONAL BANK OF JEFFERSON PARISH.
No. 92-CA-124.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 1992.
*780 Jules A. Fontana, Jr., New Orleans, for defendant/appellee.
Robert L. Marrero, Gretna, for plaintiff/appellant.
Before KLIEBERT, GOTHARD and CANNELLA, JJ.
GOTHARD, Judge.
This appeal arises from an alleged forgery. From judgment in favor of the First National Bank of Jefferson Parish ("FNJ"), the plaintiff, Kid Gloves, Inc., has taken a devolutive appeal.
Kid Gloves, Inc. is a corporation solely owned by Peter Sather. An acquaintance, Lawrence E. Andrews, expressed an interest in buying the business and began working for Sather to familiarize himself with it. On Andrews' suggestion, Sather and Andrews went to FNJ on May 20, 1988 to open a commercial checking account. Sather introduced Andrews to the bank's officer as "chief financial officer" of the corporation. The signatures of both men were required on all checks, and the corporate resolution and signature card were stamped, "Two or more signatures required."
Less than a month later, on June 17, 1988, Andrews cashed a check payable to "Cash" for $1,000 and on June 22 he cashed another payable to "Lawrence E. Andrews" for $4,500, both checks appearing to bear the two required signatures.
Simultaneously with Andrews' absence from the city, Sather received notice of an overdraft and his monthly bank statement with the two canceled checks. Sather immediately filed a forgery affidavit and sought to have the account credited for the allegedly embezzled $5,500. As the bank refused to pay the claim, the corporation filed suit on October 27, 1988. After trial the court took the matter under advisement and signed a judgment in favor of FNJ. This appeal followed.
The only issue raised by the appellant is whether the court erred in rendering judgment in favor of FNJ.
Kid Gloves, Inc. argues that, since Sather's signature was required and not on the checks (having been forged), the bank was negligent in cashing the checks. The appellant *781 cites LSA-R.S. 10:3-401, which provides that, "No person is liable on an instrument unless his signature appears thereon," and avers that liability falls to the bank, which could have detected the unauthorized signature.
The bank's assistant vice president, Stephanie Vogt, testified as to FNJ's check-cashing procedures. The tellers were required to check signatures against the customer's signature card when it seemed advisable and to require identification and proper endorsement. Any check for more than $2,500 was to be approved by the bank manager. Where two signatures were required, only one signer had to be present to cash a check. She stated that the $4,500 check, introduced into evidence by the plaintiff, was approved and initialed by the branch manager, while the $1,000 check was initialed by the teller.
The bank's position is that Sather did not prove that his purported signatures were forgeries. The true owner of the checks bears the burden of proof where forgery is alleged. LSA-R.S. 10:3-307(1)(a); Top Crop Seed & Sup. v. Bank of Southwest La., 457 So.2d 273, 280 (La. App. 3rd Cir.1984).
Sather's signature is a monogram in which the three initials are superimposed on each other. Mrs. Vogt testified that the bank denied liability because the signatures on the allegedly forged checks could not have been distinguished by the teller from those on the bank documents and on other checks introduced into evidence that Sather acknowledged to be genuine. Under LSA-C.E. 901(B)(3), authentication of handwriting may be made by nonexpert opinion or by comparison with authenticated specimens by the trier of fact or by an expert witness. As the plaintiff presented no evidence other than his own testimony and the signatures appear to be very difficult to distinguish, we agree that he failed to prove they were forgeries.
Even if this court were to accept Sather's allegations of forgery as true, we find that this case would fall squarely under LSA-R.S. 10:3-406, which provides:
Any person who by his negligence substantially contributes to a material alteration of the instrument or to the making of an unauthorized signature is precluded from asserting the alteration or lack of authority against a holder in due course or against a drawee or other payor who pays the instrument in good faith and in accordance with the reasonable commercial standards of the drawee's or payor's business.
Where the plaintiff has made a prima facie case that the bank paid a forged check, the bank must show that the customer negligently managed his account, that the negligence substantially contributed to the forgery, and that the bank used reasonable commercial standards in the way it handled the account. Stepter v. Hibernia Nat. Bank, 524 So.2d 210 (La.App. 4th Cir.1988).
As outlined above, the bank has shown through the testimony of an assistant vice president that it used reasonable commercial standards in opening the account and in handling the cashing of checks.
Sather testified that Larry Andrews had approached him as an ex-officer of the bank he had been using. Sather gave no information as to how long or how well he knew Andrews or whether he made any inquiries as to his trustworthiness; nevertheless, he gave him full access to the company checkbook. Either Sather or Andrews performed the daily banking errands. "[Banking] was done by basically whoever was headed in that direction at the time doing deliveries, or whatever...."
The facts of this case are similar to those of Ashley-Hall, Etc. v. Bank of New Orleans, 389 So.2d 850 (La.App. 4th Cir.1980), where the bookkeeper had forged checks. The court found that the general manager's failure to exercise adequate supervision or review of the bookkeeper's actions while allowing unrestricted access to the company's checks constituted negligence that contributed substantially to the forgery. See also Seago, Patrick, etc. v. State Farm Mut., 521 So.2d 674 (La.App. 1st Cir.1988).
*782 Springhill Bank & Trust Co. v. Gish, 403 So.2d 819 (La.App. 2nd Cir.1981), relied upon by the plaintiff, is distinguishable from the case before us on facts. In that case, persons posing as buyers of a store opened a bank account in the name of the store, deposited checks received by the store, endorsed them in the store's name, and then absconded with the funds. The court held that the storeowner was not negligent merely because he allowed the perpetrators access to his cash register. The account was opened without his knowledge and without his name on the account card, whereas in this case the signatures of Sather and Andrews were required on an account they opened jointly. Accordingly, we find that Sather was negligent and his negligence contributed substantially to the alleged forgery.
For the reasons assigned above we affirm the decision of the trial court.
AFFIRMED.