GOTHARD, Judge.
This matter arises from a claim of forgery by plaintiff. From a judgment in favor of the plaintiff, the defendant, First National Bank of Jefferson Parish (FNJ), appeals. We affirm.
Plaintiff, Vivian Johansen, filed suit against FNJ asserting the bank issued and cashed a forged cheek in the amount of $5,000.00 and deducted that amount from her certificate of deposit. She testified that on January 16, 1992 she entered the Marrero branch of the bank with her certificate of deposit for the purpose of withdrawing $2,000.00. She was told at that time that her balance was $5,000.00 less than the certificate reflected because she had withdrawn $5,000.00 on December 9, 1991. At that time, someone at the bank entered a notation that $5,000.00 was withdrawn on 12/9/92, recorded the $2,000.00 withdrawal, and returned the certificate to Mrs. Johansen. Mrs. Johansen insisted that she had not made the $5,000.00 withdrawal and made a claim for forgery with the bank security. That claim was investigated and refused. As a result this action was filed.
The record shows that a check for $5,000.00 was drawn on Mrs. Johansen’s certificate of deposit on December 9,1991. The check was endorsed ‘Vivian Johasen” (sic). According to bank records the check was issued on December 9, 1991 and cashed at 12:41 P.M. on December 10,1991. The party cashing the check was given the $5,000.00 in cash. The records also show that a $1,100.00 cash deposit was made into Mrs. Johansen’s savings account on December 10,1991 at 2:10 P.M.
At trial Mrs. Johansen testified that she did not withdraw the $5,000.00. She further testified that she was in the bank only once on December 10,1991. On that occasion she deposited $1,100.00 in cash which she won the night before at a bingo game. She flatly denies making the $5,000.00 withdrawal and asserts that the signature on the endorsement of the check is not hers. She further points out that the endorsement represents a misspelling of her last name and is inconsistent with her habit of signing her name as ‘Vivian R. Johansen.” She also notes that her social security number as recorded on the bank’s record of the transaction in question is incorrect. The middle two digits were recorded as 06 when, in fact, the correct digits are 09.
Mrs. Johansen produced a handwriting expert who testified that he had examined Mrs. Johansen’s signature and concluded that the endorsement on the check was not the signature of Mrs. Johansen. He stated specific reasons for his conclusion.
The bank produced several witnesses who testified that Mrs. Johansen requested that a check for $5,000.00 be issued on her certificate of deposit on December 10, 1991, and that she personally returned the next day to cash the check. Diane Fennidy, the branch manager of the bank, testified that she was busy when Mrs. Johansen came in to make the $5,000.00 withdrawal so she gave the paper work to Gerry Gesell, a teller, for completion. Ms. Fennidy stated that she knows Mrs. Johansen and personally witnessed her endorse the check. She further testified that Mrs. Johansen came in the next day to cash the check and went to a teller window. The teller brought the check over to Ms. Fennidy’s desk for approval. Ms. Fennidy testified that she looked up and saw Mrs. Johansen at the teller window at that time, but that she did not actually see the transfer of money.
*754 Mrs. Fennidy explained that she approved the issuance of the check, Lisa Dufrene prepared the check, and Pauline Goffner cashed it the next day. She verified that the certificate of deposit bears a notation that a withdrawal of $5,000.00 was made on December 9, 1992. The notation is not initialed, contrary to bank policy. Further, the date is incorrect. The withdrawal was actually made on December 9, 1991. She stated that the check was issued without noting the certificate, a practice which is not in keeping with bank policy.
Gerilyn Gesell, a bank employee, testified that she prepared the certificate of deposit payout form at Ms. Fennidy’s request, but did nothing else in the transaction. Pauline Goffner, also a bank employee, testified that she knows Mrs. Johansen by sight and was certain it was she who cashed the check. The bank also produced a handwriting expert who testified that he concluded that the signature endorsing the check was Mrs. Johan-sen’s. He stated that the differences in that signature and previous signatures, as well as the misspelling of the name, was due to “motor skills problems.”
The bank’s position is that the plaintiff failed in her burden of proof that the signature was forged. It is the bank’s argument that the trial court should have accepted their witnesses’ testimony as to the facts.
The true owner of the check bears the burden of proof where forgery is alleged. LSA-R.S. 10:3-307(l)(a); Kid Gloves v. First Nat. Bank, 600 So.2d 779 (La.App. 5th Cir. 1992). The evidence shows that certain bank procedures, such as the notation of the withdrawal on the certificate of deposit, were not followed. Also, the endorsement is a misspelling of the plaintiffs name and the social security number used as identification for negotiation of the check was incorrect. Additionally, the notation of withdrawal, which was clearly entered at a later date than the deposit, is one year off. The testimony of the bank witnesses conflict with that of the plaintiff as to what happened on December 9 and 10,1991 and the experts disagree on the subject of Mrs. Johansen’s handwriting.
At the close of trial, the court entered a judgment in favor of the plaintiff accompanied by extensive reasons supporting the judgment. It is clear from those reasons that the trial court found Mrs. Johansen and her expert to be more credible than the bank witnesses and weighted their testimony accordingly. Our standard of review in these matters is set forth in Rosell v. Esco, 549 So.2d 840 (La.1989). In that case the Supreme Court stated:
It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong, (citations omitted) Rosell v. Esco, supra at 844.
Using that standard we cannot overrule the trial court’s finding that the plaintiff’s version of the facts were more credible than that of the defendant’s. Given that decision we must affirm the trial court’s judgment. Costs of this appeal are assessed against appellant.

AFFIRMED.