665 So.2d 792 (1995)
James R. CLARY, Sr.
v.
R.J. D'AGOSTINO, Charles F. D'Agostino and Clyde P. Didier, Jr.
No. 95 CA 0447.
Court of Appeal of Louisiana, First Circuit.
December 15, 1995.
*793 James R. Clary, Jr., Baton Rouge, for Plaintiff/Appellee, James R. Clary, Sr.
MacAllyn J. Achee, Baton Rouge, for Defendant/Appellant, R.J. D'Agostino.
Before LeBLANC, WHIPPLE and FOGG, JJ.
LeBLANC, Judge.
This appeal is from a confirmation of a preliminary default taken by plaintiff, James Clary, Sr., against defendant, R.J. D'Agostino. The lawsuit arises out of the transfer of immovable property between plaintiff and Mr. and Mrs. R.J. D'Agostino, Mr. and Mrs. Charles D'Agostino and Clyde Didier, Jr. The terms of the transaction provided that plaintiff would supply cash and a smaller tract of land (tract # 1) in exchange for a second tract of land (tract # 2) owned by the D'Agostinos and Didier. The properties were transferred with warranty. It was later discovered tract # 2 was subject to a mortgage. Clary attempted to resolve the issue but was unable to and this action resulted.
In the original petition, R.J. and Charles D'Agostino and Didier were named as defendants; however, Charles was later dismissed due to bankruptcy, and Didier was unavailable for service. A preliminary default was taken, and later confirmed, in which R.J. D'Agostino was held liable for all damages. The judgment of the trial court ordered rescission of the sale and a return of the purchase price. D'Agostino appeals.
La.C.C.P. art. 1702A provides, in part, "[a] judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case." A prima facie case is established by evidence which proves the essential allegations of the petition as fully as if each allegation had been specifically denied. Dunaway v. Woods, 470 So.2d *794 574, 577 (La.App. 1st Cir.1985). When reviewing a default judgment, the Court of Appeal is restricted to determining whether the record contains sufficient evidence to prove a prima facie case. Scogin v. Smith, 612 So.2d 739, 742 (La.App. 1st Cir.1992).
The instant case is a suit for damages for breach of the agreement, or in the alternative, rescission of the sale and return of the purchase price. Although the agreement in question was entitled an Act of Exchange of Immovable Property, the transaction did not meet the definition of an exchange provided in La.C.C. art. 2660.[1] According to the terms of the agreement, Clary supplied one piece of immovable property, with all legal warranties, and a sum of money to the D'Agostinos and Didier for a second piece of immovable property, with all legal warranties, from the D'Agostinos and Didier. A copy of the written agreement was offered and admitted into evidence. In addition, a copy of the construction mortgage which tract # 2 was subject to was admitted into evidence.
This evidence was offered and admitted into evidence to establish the allegations which Clary asserted in his petition. Clary's petition alleges he entered into a transaction with the D'Agostinos and Didier to transfer property and a sum of money for a second piece of property. Tract # 2 was transferred with all legal warranties. However, in breach of the terms of the contract, the property was subject to a construction mortgage.
We, therefore, find the evidence sufficient to establish a prima facie case and plaintiff was entitled to a confirmation of his preliminary default against R.J. D'Agostino.
D'Agostino argues in his brief that Clary was not entitled to rescission of the sale and refund of the purchase price. However, the evidence sufficiently established the property is subject to a construction mortgage far in excess of the value of the property and is in breach of the express warranty given at the time of transfer. The purchaser is entitled to rescission of the sale and refund of the purchase price. See Buzbee v. Fidelity Nat. Bank, 492 So.2d 15, 23 (La.App. 1st Cir.), writ not considered, 496 So.2d 1033, writs denied, 496 So.2d 1043, 497 So.2d 1003 (1986).
The other assignments of error asserted by D'Agostino raise issues which a reviewing court is prevented from reviewing when considering a default judgment. See Scogin v. Smith, 612 So.2d at 742. D'Agostino argues the failure to include "other parties to the ownership" of the property affected by this litigation requires reversal. However, this is outside the limited review allowed. D'Agostino also asserts in his brief the defense of division, an affirmative defense which must be set forth affirmatively in the answer. La.C.C.P. art. 1005. Lastly, D'Agostino asserts Clary did not prove the promissory note secured by the construction mortgage had not prescribed. However, whether the promissory note had prescribed was not before the court as the holder of the note had not demanded payment.
For the foregoing reasons, the judgment is affirmed. Costs of this appeal to be paid by R.J. D'Agostino.
AFFIRMED.
NOTES
[1] La.C.C. art. 2660 provides:

Exchange is a contract, by which the parties to the contract give to one another, one thing for another, whatever it be, except money; for in that case it would be a sale.