11WOODARD, Judge.
The trial court confirmed a default judgment against Bank One in favor of Iberia Building Systems, Inc. and Associated Engineers & Architects, Inc. (collectively Iberia Systems) for negotiating forged checks against Iberia Systems’ accounts. Bank One urges that the court erred, contending that the evidence was incompetent to support a verdict. We affirm the trial court’s judgment.
# ‡ # ‡ jJj
Since 1995, Iberia Building Systems, Inc. and Associated Engineers & Architects, Inc. each maintained a separate line of credit with First National Bank of Lafayette. Mr. Frederick H. DeCourt, Sr. owned both companies and operated them out of the same office. In 1999, Bank One (the Bank) acquired First National Bank of Lafayette.
The promissory notes for both lines of credit, which the Bank had provided, contractually prohibited the Bank from extending credit unless the proposed advance had been “confirmed in writing duly signed by Mr. Frederick H. DeCourt, or a person authorized in writing by him.” Mr. DeC-ourt never authorized anyone to draw funds on his companies’ lines of credit nor did he draw any funds on them.
Early in 1999, Ms. Kalliawathe Bouton, a secretary with Iberia Systems, began verbally requesting the Bank to loan sums on Iberia Systems’ lines of credit. Contrary to the express language concerning authorization in the promissory notes, the Bank deposited funds into Iberia Systems’ checking account. Then, Ms. Bouton wrote forged checks on those accounts and withdrew the funds. The Bank never notified Mr. DeCourt of Ms. Bouton’s nefarious activities with his accounts. Occasionally, her attorney-husband cashed some of the checks. She forged more than seventy-six checks. Ms. Bouton and her husband fraudulently obtained $248,361.11 from Iberia Systems through this scheme.
Upon learning of the Bank’s improper advances being made against its lines of credit and the payment of the forged checks on June 29, 1999, Iberia Systems made demand on the Bank. It denied liability. On August 20, 1999, Iberia Systems filed suit for its losses against it on the theories of breach of contract, negligence, and breach of warranty. Seven days later, Iberia Systems served C.T. Corporation Systems, Inc., the | ¡.Bank’s authorized agent for service of process. The Bank never responded to the suit. The trial court entered a preliminary judgment on September 15, 1999, which confirmed the default judgment on September 22, 1999, in the total amount of $248,361.11 against the Bank — $237,861.11 for Iberia Building Systems, Inc. and $10,500.00 for Associated Engineers & Architects, Inc. The Bank appeals, contending that the *108 trial court erred in granting default judgment: (1) without consideration of pre-forgery and post-forgery customer negligence preclusion principles, and (2) upon insufficient and incompetent evidence.
LAW
Bank Customer Negligence
The Bank contends that the default judgment should be reversed because it alleges that the record “screams” of pre-forgery and post-forgery negligence on Iberia Systems in the management of its accounts with the Bank. It admits that it had filed no pleadings and raised no defenses, but, nevertheless, it argues that the trial court should have considered these as defenses in rendering its judgment and that this court should consider them in its review of this default judgment.
In this case, Iberia Systems presented a 'prima, facia case that the Bank breached its obligations and paid on forged checks.[1] Had this been a trial on the merits, the burden would have then shifted to the Bank to affirmatively establish that Iberia Systems negligently managed its account, that the negligence substantially contributed to the forged checks, and that the bank used reasonable commercial standards in the way it handled the account.[2] However, as the matter came before the trial court for confirmation of a default judgment, the Bank did not introduce evidence concerning the alleged negligence of Iberia Systems. Consequently, we may not consider these defense issues in this appeal.[3] We are limited to reviewing this record to determine if Iberia Systems presented a prima facia case,[4] which it did. This assignment of error is without merit.
UEvidbnce
The Bank contends that the trial court committed a technical evidentiary error in admitting copies of the forged checks into evidence. The Bank does not allege that the copies are not true copies or challenge the authenticity of the originals. The evidence code specifically permits the introduction of duplicates, such as the documents in question in this case, to the same extent as originals.[5] When a document is offered into evidence and is a mechanical reproduction of the original, it is admissible unless it can be shown that its content does not accurately reflect the original.[6] As this evidence was presented in the context of a confirmation of a default judgment, no contrary evidence established that the copies of the checks did not accurately reflect the originals. This contention is without merit.
Next, the Bank contends that the trial court should not have considered, as evidence, Mr. DeCourt’s testimony about what Ms. Bouton told him about forging the checks and cashing them. She admitted to him her own personal liability and culpability for the fraud. Mr. DeCourt offered the testimony against the Bank. Under La.Code Evid. art. 801(D)(3)(c), such testimony is not hearsay “because the statements by Ms. Bouton were offered against the Bank whose liability was derivatively based in whole or in part on Ms. Bouton’s liability and her statements would have been admissible against her if she were a party to an action involving her liability.” Accordingly, this contention is without merit.
Lastly, the Bank contends that Mr. DeCourt’s testimony, concerning the various banks with whom he had dealings, *109 was inadmissible hearsay. Namely, he offered his first-hand personal knowledge of Bank One’s acquisition of First National Bank of Lafayette to establish how he came to have a legal relationship with the Bank. First-hand personal knowledge is not inadmissible hearsay evidence as it is not a statement, other than one made by the declarant, offered to prove the truth of the matter asserted.[7] This contention is also without merit.
1 ¿CONCLUSION
We affirm the default judgment in favor of Iberia Building Systems, Inc., in the amount of $287,861.11, and in favor of Architects & Engineers, Inc., in the amount of $10,500.00, for Bank One’s breach of its contractual obligations to both companies. We cast Bank One with the costs of this appeal.
AFFIRMED.

. La.Code Civ.P. art. 1702.

. Stepter v. Hibernia Nat'l Bank, 524 So.2d 210 (La.App. 4 Cir.1988).

. Clary v. D’Agostino, 95-447 (La.App. 1 Cir. 12/15/95); 665 So.2d 792.

. Id.

. La.Code Evid. art. 1003.

. State v. Joe, 28,198 (La.App. 2 Cir. 7/26/96); 678 So.2d 586, writ denied, 97-559 (La. 10/31/97); 703 So.2d61.

. La.Code Evid. art. 801(C).