BONNIE COLEMAN-POLK
v.
AFC ENTERPRISES, INC. D/B/A CHURCH'S FRIED CHICKEN AND XYZ INSURANCE COMPANY
2008 CA 0236
Court of Appeals of Louisiana, First Circuit.
June 6, 2008
SCOTT M. EMONET, Murphy Law Firm Baton Rouge, LA, Attorney for Plaintiff-Appellee Bonnie Coleman-Polk.
PETER J. WANEK, McCRANIE, SISTRUNK, ANZELMO, HARDY, MAXWELL & McDANIEL, Metairie, LA, Attorney for Defendant-Appellant, AFC Enterprises, Inc. d/b/a Church's Fried Chicken.
Before: PARRO, KUHN, AND DOWNING, JJ.
PARRO, J.
The defendant, AFC Enterprises, Inc., d/b/a Church's Fried Chicken (AFC), appeals a confirmation of default judgment rendered against it and in favor of the plaintiff, Bonnie Coleman-Polk. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND
The plaintiff allegedly was injured on September 18, 2006, when she slipped and fell on a slippery substance on the floor of a Church's Fried Chicken restaurant (the restaurant) in Port Allen, Louisiana. On January 10, 2007, the plaintiff filed suit against AFC[1] for the damages she allegedly sustained as a result of these injuries. According to the petition, AFC was the owner of, or had the care, custody, and control over the premises that caused harm to the plaintiff. The petition further alleged that the accident was caused solely by AFC's carelessness, negligence, and fault in: (1) failing to warn of potential unsafe conditions; (2) failing to use reasonable care to keep the premises in a clean and safe condition; (3) failing to use reasonable care to keep the premises free of hazardous conditions; and (4) any and all other acts of negligence and fault to be proven through discovery or at the trial of this matter.
AFC never filed an answer to the petition. Therefore, the plaintiff filed a motion for preliminary default, alleging that AFC had been personally served through its agent for service of process on January 31, 2007, and that no answer had been filed. The trial court entered a preliminary default against AFC on April 30, 2007. Thereafter, the plaintiff filed a motion to confirm the preliminary default.[2]
On August 10, 2007, the plaintiff confirmed the default judgment in open court; however, although the plaintiff was present in the courthouse and available to testify, she presented no testimony, either orally or by affidavit, at the hearing. Furthermore, the only presentation of "evidence" of any kind came in the following colloquy between the plaintiff's counsel and the trial court:
MR. EMONET:
Okay. What I would like to do is introduce her medical records. What we have here, Judge, is a suit that I filed on January 10th, 2007. AFC Enterprises was served by the Sheriff's Office on 1/31/2007. To date they have not answered the suit. We are asking for a preliminary judgment or judgment default in this matter. My client, just for the facts, Judge 
THE COURT:
Are you asking for a preliminary default now or are you looking for a judgment of default?
MR. EMONET:
A judgment of default.
THE COURT:
Okay.
MR. EMONET:
My client was at the Church's here in Port Allen. It was a rainy day. She exited to go to the Family Dollar which was next door. She came back. There was no mat outside the front door. Obviously it was very slippery because of the weather conditions. She slipped and fell. And, we're not so sure if it was a bruise or a slight fracture, but something happened to her tail bone on that day and she's suffered from it ever since. I do have as "Plaintiff's Exhibit 1" her records from the Neuromedical Center in which she treated for that injury. There's the medical records. The bill is $546.00, and we would submit that, judge.
Based on that presentation alone, the trial court signed a judgment against AFC on August 20, 2007, granting the plaintiff general damages in the amount of $7,500, special damages in the amount of $546, plus "accrued judicial interest, from the date of judicial demand until fully paid," and all court costs. AFC was served with notice of the judgment on September 8, 2007. This suspensive appeal of the default judgment followed.

DISCUSSION
On appeal, AFC contends that the trial court erred in confirming the default judgment against it because the plaintiff failed to present competent evidence to establish every element of her cause of action for damages. A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. LSA-C.C.P. art. 1702(A). A prima facie case is established by evidence that proves the essential allegations of the petition as fully as if each allegation had been specifically denied. Clary v. D'Agostino, 95-0447 (La. App. 1st Or. 12/15/95), 665 So.2d 792, 793. In other words, the plaintiff must present competent evidence that convinces the court that it is more probable than not that he would prevail on a trial on the merits. See Grevemberg v. G.P.A. Strategic Forecasting Group, Inc., 06-0766 (La. App. 1st Cir. 2/9/07), 959 So.2d 914, 917-18.
When reviewing a confirmation of default judgment, a court of appeal is restricted to determining whether the record contains sufficient evidence to prove a prima facie case. Clary, 665 So.2d at 794. When a confirmation of default judgment recites that the plaintiff has produced due proof in support of his demand and that the law and evidence favor the plaintiff and are against the defendant, there is a presumption that the default judgment has been rendered upon sufficient evidence to establish a prima facie case and is correct; the appellant then has the burden of overcoming that presumption. However, that presumption does not apply where the testimony is transcribed and is contained in the record. Grevemberg, 959 So.2d at 918.
Louisiana Code of Civil Procedure article 1702(B)(2) provides:
When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.
In this matter, the plaintiff presented no evidence of any kind, except for her medical bills and records.[3] The plaintiff did not testify about how the accident occurred or the extent of her injuries, and the only information in the record concerning these facts came in an unsworn narrative statement from the plaintiff's attorney. It is clear that this offer of proof does not comply with the requirements of LSA-C.C.P. art. 1702(A) and (B)(2).
Furthermore, we note that the plaintiff's petition states a claim for damages pursuant to LSA-R.S. 9:2800.6, which provides, in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
Moreover, pursuant to LSA-R.S. 9:2800.6(C)(1), "constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
After a thorough review of the record, it is clear that the plaintiff submitted absolutely no competent evidence that AFC created or had actual or constructive notice of the condition that caused the damage, prior to the occurrence. Furthermore, the plaintiff also offered no competent evidence that AFC owned or had custody or control of the restaurant at which the accident took place.[4] Therefore, it is clear that the evidence submitted by the plaintiff is insufficient to prove all elements of her claim. Absent evidence of AFC's notice of the defect and its ownership or control over the restaurant, we find that the plaintiff failed to present sufficient evidence to establish a prima facie case against AFC. Accordingly, the judgment of the trial court must be reversed, and this matter must be remanded to the trial court for further proceedings. All costs of this appeal are assessed to the plaintiff, Bonnie Coleman-Polk.
REVERSED AND REMANDED.
NOTES
[1] Also named as a defendant was XYZ Insurance Company.
[2] The motion was improperly captioned as a "Motion and Order for a Preliminary Default Hearing."
[3] We are unable to determine if the documents introduced at the hearing are certified copies of the medical bills and records because for reasons that are not clear from the record, documents introduced at the confirmation hearing as Plaintiff's Exhibit 1 are not in the record sent to this court.
[4] Indeed, after obtaining this confirmation of default judgment against AFC, and before AFC filed the present appeal, the plaintiff filed an amending petition naming a new defendant as the owner and/or custodian of the restaurant.